COUNTY OF SAN LUIS OBISPO
COUNTY COUNSEL
RITA L. NEAL, SBN 151156
JON ANSOLABEHERE, SBN 278174
Email: jansolabehere@co.slo.ca.us
1055 Monterey Street, Room D320
San Luis Obispo, CA 93408
Telephone: (805) 781-5400
Facsimile: (805) 781-4221

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WINDELER, KAREN WINDELER, JOY SALEMI, JEFF SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT, BRUCE DEPAOLA, TERRI DEPAOLA,<br><br>    Plaintiffs and Petitioners,<br><br>vs.<br><br>CAMBRIA COMMUNITY WATER DISTRICT, COUNTY OF SAN LUIS OBISPO,<br><br>    Defendants and Respondents. | Case No. 2:19-cv-06325 DSF(JEMx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**<br><br>Date:     October 7, 2019<br>Time:     1:30 PM<br>Location: Courtroom 7D, First Street Courthouse, 350 West 1st Street, Los Angeles, CA<br><br>Assigned to: Honorable Judge Dale S. Fischer<br><br>*Complaint Filed: July 24, 2019* |

# TABLE OF CONTENTS

Table of Contents ............................................................................................... 2

Table of Authorities ........................................................................................ 3-4

Notice of Motion and Motion ............................................................................ 5

Memorandum of Points and Authorities ....................................................... 6-8

    I.    Procedural History ................................................................... 6

    II.    Introduction ........................................................................... 6-7

    III.    Factual Background ............................................................. 7-8

    IV.    Motion to Dismiss Standard of Review ............................... 8-9

        A.    Standard for Motion to Dismiss Under Rule 12(b)(6) ............ 8-9

    V.    Argument ............................................................................ 9-13

        A.    Plaintiffs Do Not Have a Property Right to Support Either Cause of Action ................................................................................... 9-13

            1.    Plaintiffs' Takings Claim ............................................. 10-12

            2.    Plaintiffs' Substantive Due Process Claim .................. 12-13

        B.    Public Policy Necessitates Dismissal of the Complaint ........... 13

    VI.    Conclusion ............................................................................. 14

# TABLE OF AUTHORITIES

**Federal Cases**

*American Mfrs. Mut. Ins. Co. v. Sullivan* (1999)
    526 U.S. 40 ................................................................................................. **10**
*Ashcroft v. Iqbal* (2009)
    556 U.S. 662 ............................................................................................... **9**
*Bell Atlantic Corp. v. Twombly* (2007)
    550 U.S. 544 ............................................................................................... **9**
*Board of Regents of State Colleges v. Roth* (1972)
    408 U.S. 564 ........................................................................................ **10, 12**
*Daniels v. Williams* (1986)
    474 U.S. 327 ............................................................................................... **12**
*Knick v. Township of Scott* (2019)
    139 S.Ct. 2162 ........................................................................................... **6**
*McMillan v. Goleta Water Dist.* (9th Cir. 1986)
    792 F.2d 1453 ..................................................................................... **11, 12**
*Ruckelshaus v. Monsanto Co.* (1984)
    467 U.S. 986 ............................................................................................... **10**
*Williamson County Regional Planning Comm'n v. Hamilton Bank* (1985)
    473 U.S. 172 ............................................................................................... **6**

**California Cases**

*Buckley v. California Coastal Com.* (1998)
    68 Cal.App.4th 178 .................................................................................. **10**
*Gilbert v. State of California* (1990)
    218 Cal.App.3d 234 ................................................................................. **11**
*Hollister Park Inv. Co. v. Goleta County Water Dist.* (1978)
    82 Cal.App.3d 290 .............................................................................. **11, 12**
*Locklin v. City of Lafayette* (1994)
    7 Cal.4th 327 ............................................................................................. **10**
*Milagra Ridge Partners, Ltd. v. City of Pacifica* (1998)
    62 Cal.App.4th 108 .................................................................................. **10**
*San Diego Metropolitan Transit Development Bd. v. Handlery Hotel, Inc.* (1999)
    73 Cal.App.4th 517 .................................................................................. **10**
*Selby Realty Co. v. City of San Buenaventura* (1973)
    10 Cal.3d 110 ............................................................................................ **10**
*Swanson v. Marin Mun. Water Dist.* (1976)
    56 Cal.App.3d 512 ................................................................................... **11**

**Federal Statutes**

    42 U.S.C. § 1983 ................................................................................................ **6, 12**

**California Statutes**

    California Code of Civil Procedure
        Section 1085 ................................................................................................ **6**

**California Constitution**

    Cal. Const., art. I, § 19................................................................................... **10, 12**

**Federal Rules and Regulations**

    Rules of Civil Procedure
        Rule 8 ............................................................................................................ **9**
        Rule 8(a)(2) ................................................................................................... **8**
        Rule 12(b)(6) ......................................................................................... **5, 7, 8**

# NOTICE OF MOTION AND MOTION

## TO PLAINTIFFS AND PLAINTIFFS' COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT on October 7, 2019, at 1:30 PM, before the Honorable Judge Fischer, in Courtroom 7D of the First Street Courthouse, 350 West 1st Street, Los Angeles, California, Defendant County of San Luis Obispo will and hereby does move the Court to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 22, 2019.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested.

These Motions are based on this Notice of Motion and Motions, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers filed in this action, and such further argument and matters as may be offered at the time of the hearing of this Motion.

RITA L. NEAL
County Counsel

DATED: August 30, 2019       By: _____
JON ANSOLABEHERE
Chief Deputy County Counsel
Attorneys for Defendant County of San Luis Obispo

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PROCEDURAL HISTORY.

On December 1, 2017, Plaintiff filed basically the same complaint in this District as Case No. 2:17-cv-08536, but that complaint also included three additional causes of action, namely, (1) writ of mandamus under California Code of Civil Procedure section 1085; (2) inverse condemnation; and (3) a claim of procedural[1] due process violations. (Request for Judicial Notice ("RJN") Ex. A). On March 12, 2018, this Court dismissed Plaintiffs' complaint on the basis that: (1) as to the state and federal takings claims, Plaintiffs failed to satisfy the second prong under *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), specifically, the requirement that for an as-applied regulatory takings claim in California, plaintiffs must first bring an inverse condemnation claim in state court; and (2) as to the federal due process claims, the Court abstained under the Pullman doctrine.  (RJN Ex. B).

When this order was entered, the case of *Knick v. Township of Scott,* 139 S.Ct. 2162 (2019)*,* was pending before the United State Supreme Court. On June 21, 2019, the Supreme Court issued its opinion in *Knick* which overruled the state litigation requirement of *Williamson County, supra*. *Id*. at 2167. As a result, Plaintiff refiled this complaint which now includes only two causes of action: (1) takings claim under the Fifth Amendment, 42 U.S.C. section 1983; and (2) a claim of substantive due process violations, 42 U.S.C. section 1983.

## II.    INTRODUCTION

At its core, this lawsuit is about whether Plaintiffs have a property right in potential, unattained water service from the Cambria Community Service District ("District").  As the complaint asserts, "the fundamental question" of this case is whether the Plaintiffs have suffered an unconstitutional deprivation "of access to water

---

[1] Although the face cover page of the complaint states the second cause of action is procedural due process, the title and text starting on page 17 of the complaint makes it clear that Plaintiffs is alleging substantive due process violations.

and sewer services necessary to develop" their vacant, unimproved parcels of land in Cambria. (Complaint, p. 1, ¶ 1.) As will be discussed further, the Plaintiffs have failed to state a claim that supports either a takings claim under the Fifth Amendment or substantive due process violation because fundamentally, under long standing California law, one does not have a constitutionally protected property right in *potential* water service. Without a property right that may be subject to constitutional protection, the Plaintiffs' Complaint, alleging unconstitutional violations to their non-existent water service, cannot be amended to assert facts to support these causes of action. Thus, the Plaintiffs cannot survive this motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6) and the Court must dismiss these causes of action with prejudice.

### III. FACTUAL BACKGROUND

The District is a special district which was formed to provide water and sewer services within its jurisdictional boundaries in the community of Cambria. (Complaint p. 3, ¶ 8 lines 1-3; p. 5, ¶ 18, lines 11-13.) The Plaintiffs all bought or obtained ownership of vacant, unimproved parcels in Cambria within the District's water and sewer service area. (Complaint pp. 5-7, ¶¶ 21-25.) None of the Plaintiffs' properties have ever had water or sewer service from the District. (Complaint p. 7, ¶ 26, lines 3-6). At the time that Michael and Karen Windeler ("Windelers") purchased their property, the Windelers were aware that the District could not provide water for new hookups for the development of vacant, unimproved lots in Cambria. (RJN, Ex. C, p. 4.) The Windelers also opted not to secure a place on the District's waiting list for water and sewer service in 1988 when they purchased their vacant, unimproved property. (*Id.* at p. 5.)

The County's Coastal Zone Land Use Ordinance ("CZLUO") applies to the parcels that are the subject of this complaint because they are in the County's Coastal

Zone.[2] (RJN, Exhibit B.) Among other things, when a property owner applies for a land use permit from the County, he or she must "include all information required by planning area standards of the Land Use Element for a specific community or area of the county." (RJN, Exhibit C, p. 2- CZLUO section 23.01.030 b.(8)(v).) Planning Area Standard 8 in the Land Use Element for the North Coast Area Plan, which includes Cambria, requires the following: "Prior to application acceptance, land use…applications shall include a written verification of water and sewer service from the Cambria Community Services District…." (RJN, Exhibit D, p. 2.) The Windelers could not provide this written verification, and as such, the County could not accept their application for development as complete and begin processing them for consideration by the relevant hearing body authority. (Complaint p. 7, ¶ 27.) In April 2017, the Windelers submitted a variance application to the County's Department of Planning and Building. (Complaint, p.7, lines 24-27.) In its application, the Windelers sought "a variance from all requirements that would bar development without a verification of available water and/or sewer service from the District." (*Id*.) The other remaining Plaintiffs have never applied and sought approval of a similar variance from the County. (Complaint, p. 10, ¶ 35, lines 18-21.) The County Board of Supervisors denied their variance application on October 17, 2017 at a duly noticed hearing where the Windelers' attorney, Mr. Alpert, presented their position to the Board on the variance. (Complaint, pp. 9-10, ¶¶ 33-34.) These series of complaints followed.

IV.     **MOTION TO DISMISS STANDARD OF REVIEW**

   **A. Standard for Motion to Dismiss Under Rule 12(b)(6).**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[2] Plaintiffs, for the second time in their "Amended" complaint, incorrectly cite to section 22.62.070(D)(1) in the County's Code which only applies outside of the Coastal Zone. (Complaint p. 8, ¶ 30, line 15).

The pleading standard required under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint with mere "naked assertion[s]" without "further factual enhancement" will not suffice to meet the pleading requirements of Rule 8. *Id.*, at 557.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S., at 678 (citing *Twombly*, 550 U.S., at 570). "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. "The plausibility standard…asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid*.

The Court in *Iqbal* clarified the underlying principles central to the *Twombly* decision. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ibid*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ibid*. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*, at p. 679. "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ibid*.

V.     **ARGUMENT**

    **A. Plaintiffs Do Not Have a Property Right to Support Either Cause of Action.**

Plaintiffs' takings and substantive due process claims require that the Plaintiffs allege facts that they have a cognizable property right subject to constitutional protections. As a matter of law, the Plaintiffs cannot allege such facts in any form and

thus, the Court should dismiss, with prejudice, the Complaint for failure to state a claim upon which relief can be granted.

1. *Plaintiffs' Takings Claim*.

Plaintiffs' first cause of action requires that the Plaintiffs establish that they own cognizable property right subject to the protections of the Fifth Amendment of the United States Constitution and under the article I, section 19 of the California Constitution. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Buckley v. California Coastal Com.*, 68 Cal.App.4th 178, 192 (1998). The Fifth Amendment provides, in relevant part, that "private property [shall not] be taken for public use, without just compensation." Similarly, article 1, section 19 of the California Constitution provides, in relevant part, that private property may be "taken or damaged for public use only when just compensation…has first been paid to, or into court for, the owner." "When there is incidental damage to private property caused by governmental action, but the governmental entity has not reimbursed the owner, a suit in 'inverse condemnation' may be brought to recover monetary damages for any 'special injury,' i.e., one not shared in common by the general public." *Locklin v. City of Lafayette*, 7 Cal.4th 327, 362 (1994).

Central to Plaintiff's first cause of action is the requirement that a plaintiff "have a property interest protected by the Fifth Amendment's Takings Clause." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000 (1984); see, *Selby Realty Co. v. City of San Buenaventura*, 10 Cal.3d 110, 119-120 (1973); see, also, *San Diego Metropolitan Transit Development Bd. v. Handlery Hotel, Inc.*, 73 Cal.App.4th 517, 530 (1999). "To determine whether an unconstitutional taking has occurred, California courts are guided by decisions of the United States Supreme Court." *Milagra Ridge Partners, Ltd. v. City of Pacifica*, 62 Cal.App.4th 108, 116 (1998). Importantly, "[p]roperty interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law…." *Board of Regents of State Colleges v. Roth*,

408 U.S. 564, 577 (1972). Under California law, "[a] potential water user does not possess 'an absolute right to be treated in the same manner as existing water consumers within (a) water district...'" to warrant a constitutionally protected property right. *Hollister Park Inv. Co. v. Goleta County Water Dist.*, 82 Cal.App.3d 290, 294 (1978) (quoting *Swanson v. Marin Mun. Water Dist.*, 56 Cal.App.3d 512, 522 (1976); *McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1457-1458 (9th Cir. 1986) (finding that if the district court finds that plaintiffs were only potential water uses, not actual water users of a water district's services, then their constitutional claims must fall in light of *Hollister Park Inv. Co.*). Stated bluntly: "California law **does not** recognize potential water use as a compensable property right." (emphasis added) (*Gilbert v. State of California*, 218 Cal.App.3d 234, 250 (1990).)

Plaintiffs cannot state facts to support a claim that they have a constitutionally protected property right in actual water use from the District. As noted throughout the Complaint and in the materials requested via judicial notice, Plaintiffs assert that they do not have existing water service for any of their unimproved properties. (Complaint p. 7, ¶ 26, lines 3-6; RJN Ex.C, p. 4.) The plaintiffs in the *Gilbert* and *Hollister Park Inv. Co.* cases were confronted with pretty much the exact dilemma as the Plaintiffs here - they could not develop their property because the water district could not provide new water service to unimproved properties. *Gilbert v. State of California, supra,* 218 Cal.App.3d at 239; *Hollister Park Inv. Co., supra*, 82 Cal.App.3d at 293. The Plaintiffs have not alleged anywhere in the Complaint that they have existing water and sewer service from the District. In fact, they cannot allege such facts because not having water service is the fundamental issue in their complaint. As the court in *Hollister Park Inv. Co.* noted, there is no property interest in "potential water" service. *Hollister Park Inv. Co., supra*, 82 Cal.App.3d at 294. Rather, only those with existing water service possess a constitutionally protected property right. *Ibid.* Since Plaintiffs cannot plead that they have existing water service, they likewise cannot establish that they have a property right protected under the Takings Clause of the U.S.

Constitution or under article I, section 19 of the California Constitution. Therefore, the Plaintiffs cannot plausibly establish either of their causes of action because they lack a protectable property right and the Complaint must be dismissed with prejudice.

### 2. *Plaintiffs' Substantive Due Process Claim*.

Plaintiffs, likewise, cannot plead that they have a property right to support their second cause of action, substantive due process violations. In the second cause of action, Plaintiffs claim that the County's alleged actions have deprived them of water and sewer service, which allegedly gives rise to a violation of their substantive due process rights under the United States Constitution. (Complaint, pp. 17-18.)

To establish a plausible claim under substantive the due process clause in the Fourteenth Amendment of the United States Constitution, a court "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property." *Board of Regents of State Colleges v. Roth, supra*, 408 U.S. at 571. A substantive due process claim brought under Title 42 U.S.C. section 1983 requires that the Plaintiffs demonstrate that the government has arbitrarily acted in a manner that, in relevant part, deprives a person of property. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). The court in *McMillan* expressly found that, in reviewing a substantive due process claim, if a property owner is only a potential user of water from a water district, then "their substantive due process claim must fall in light of *Hollister [Park]*" because such an owner has no constitutionally protected property right. *McMillan, supra*, 792 F.2d at 1457-1458.

The County requests this Court dismiss Plaintiffs' Complaint with prejudice because the Plaintiffs have no constitutionally protected property right as a potential water user. As noted above, the Plaintiffs indicate throughout their Complaint that they are all vacant, unimproved property owners of property in Cambria, within the District's service area, but that they are potential water users of the District's water service, not existing water users. (Complaint p. 7, ¶ 26, lines 3-6; RJN Ex. C p.4.) A potential water user has no constitutionally protected property right to the District's

water. Therefore, since the Plaintiffs cannot amend their Complaint to state facts to support these causes of action, the County requests that the Court dismiss Plaintiffs' Complaint with prejudice.

### B. Public Policy Necessitates Dismissal of the Complaint.

As discussed in detail above, California law has long recognized that potential water service is not a compensable property right. From a public policy standpoint, this makes sense because water availability in some communities is uncertain, dynamic and dependent on a myriad of factors and circumstances some of which are completely out of the control of the agency who provides such services. Sometimes this inability to provide water is because of the natural conditions, such as an extended drought, and sometimes the inability to serve is due to other factors like a lack of water supply to begin with, poor water quality and/or lack of funds or resources to develop the water supplies necessary to serve build out. If potential water service was deemed a compensable property right then public agencies, like Cambria and many others, who lack sufficient water supply to support build-out of the community would effectively be the insurer of all alleged losses associated with such inability to develop. The economic consequences of such a decision would be catastrophic. Plaintiffs here allege damages of at least "$300,000 for each lot." (Complaint p. 17, ¶ 53, line 3.) Cambria has 663 parcels on its residential wait list (RJN Ex. G), which equals a potential alleged liability of approximately $198 million.[3] Clearly, the long-standing legal precedence that future water or sewer service is not a compensable property interest is well grounded in public policy considerations.

//
//
//
//

---

[3] For context, this amount is approximately forty times more than the District's annual budget or one fourth of the entire County budget.

## VI. CONCLUSION

Based on the foregoing and the arguments expressed in the County's motion papers, the County respectfully requests that the Court dismiss all causes of action against the County, with prejudice.

RITA L. NEAL
County Counsel

DATED: August 30, 2019        By: _____
                              JON ANSOLABEHERE
                              Chief Deputy County Counsel
                              Attorneys for Defendant County of San Luis Obispo

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )  ss.
COUNTY OF SAN LUIS OBISPO  )

I am employed in the County of San Luis Obispo, California; I am over the age of 18 years, and not a party to the within action; my business address is County Government Center, Room D320, San Luis Obispo, CA 93408.

On August 30, 2019, I served a true copy of this declaration and the following described document(s):

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**

**In re: Michael Windeler, et al. v. Cambria Community Water District, et al.
2:19-cv-06325 DSF(JEMx)**

on the party or parties listed below:

| **Attorney for Plaintiffs** | **Attorney for Defendant Cambria Community Services District** |
|---|---|
| Gregory B. Beam | Michael M. McMahon |
| Mark D. Alpert | Carmel & Naccasha |
| GREGORY BEAM & ASSOCIATES, INC. | 1908 Spring Street |
| 23113 Plaza Pointe Drive, Suite 100 | Paso Robles, CA 93446 |
| Laguna Hills, CA 92653 | mmcmahon@carnaclaw.com |
| malpert@beamlaw.net | |

[X] **By United States mail.** I enclosed a true copy of the documents in a sealed envelope addressed to each of the persons as indicated above, and then placed the envelope for collection and mailing where it would be deposited with the United States Postal Service with postage fully prepaid on the same day, following my employer's business practice with which I am readily familiar.

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 30, 2019, at San Luis Obispo, California.

_Rebecca Forcier_
Rebecca R. Forcier, Legal Clerk to
Jon Ansolabehere, Chief Deputy County Counsel

19rrfpld.docx