Timothy J. Carmel, SBN 122695
Michael M. McMahon, SBN 157556
CARMEL & NACCASHA, LLP
1908 Spring Street
Paso Robles, California 93446
Tel.: (805) 226-4148
Fax: (805) 226-4147
Email: mcmahon@carnaclaw.com

Attorneys for Defendant
Cambria Community Services District
(served herein as Cambria Community Water District)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL WINDELER, KAREN WINDELER, JOY SALEMI, JEFF SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT, BRUCE DEPAOLA, TERRI DEPAOLA, <br><br> Plaintiffs and Petitioners, <br><br> vs. <br><br> CAMBRIA COMMUNITY WATER DISTRICT, COUNTY OF SAN LUIS OBISPO, <br><br> Defendants and Respondents. | Case No. 2:19-cv-06325-DSF(JEMx) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT** <br><br> Date: October 2, 2019 <br> Time: 1:30 p.m. <br> Location: Courtroom 7D <br><br> Assigned to the Honorable Dale S. Fischer <br><br> *Complaint Filed: July 24, 2019* |

# <u>TABLE OF CONTENTS</u>

**Table of Contents** ................................................................................**2**

**Table of Authorities** ..........................................................................**3-4**

**Notice of Motion and Motion** ...........................................................**5**

**Memorandum of Points and Authorities** .........................................**6**

  **I.** **Procedural History** ..............................................................**6**

  **II.** **Introduction** ...........................................................................**7**

 **III.** **Factual Background** ...............................................................**8**

 **IV.** **Motion To Dismiss Standard of Review** .............................**9**

      **A.**     Standard for Motion to Dismiss under Rule 12(b)(6).............**10**

  **V. Argument**

      **A.**     Plaintiffs Allege No Protected Property Interest in their Section

            1983 Taking Case of Action....…………………………………... **10**

      **B.**     The Substantive Due Process Claims Falls Based on Failure to

            Allege a Protected Property Interest……………………………**11**

 **VI.** **Conclusion**..........................................................................**12**

NOTICE OF MOTION AND MOTON TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)......................................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 662 (2009) ……………………………….9

*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) ..............10, 12

*Conley v. Gibson*, 355 U.S. 41 , 45-46 (1957)..............................................................9

*Daniels v. Williams*, 474 U.S. 327, 331 (1986) ........................................................12

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) .9

*Knick v. Township of Scott*, 588 U.S. ____,139 S. Ct. 2162 (June 21, 2019) ..............7

*McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1457-1458 (9th Cir. 1986)......10, 12

*Presault v. United States*, 100 F.3d 1525 (F.Cir 1996)……………………………...10

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000 (1984) ........................................10

*Williamson County Regional Planning Comm. v. Hamilton Bank*,

     473 U.S. 172 (1985) …………………………………………………… 6, 7


**California Cases**

*Gilbert v. State of California*, 218 Cal.App.3d 234, 250 (1990)……………….10, 11

*Hollister Park Inv. Co. v. Goleta County Water Dist.*,

     82 Cal.App.3d 290, 294 (1978) ............................................................10, 11, 12

*Milagra Ridge Partners, Ltd. v. City of Pacifica*,

     62 Cal.App.4th 108, 116 (1998) ....................................................................10

*Realty Co. v. City of San Buenaventura*, 10 Cal. 3d 110, 119-120 (1973)….………10

*Swanson v. Marin Mun. Water Dist.*, 56 Cal.App.3d 512, 522 (1976) .....................10

**Federal Statutes**

42 U.S.C. section 1983 ...................................................................................7, 10, 12

**California Statutes**

 California Code of Civil Procedure Section 1085 ......................................................6

**Federal Rules and Regulations**

Rules of Civil Procedure

Rule 12(b)(6)…………………………………………………………5, 7, 9

NOTICE OF MOTION AND MOTON TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

## NOTICE OF MOTION AND MOTION

### TO PLAINTIFFS AND PLAINTIFFS' COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT on October 2, 2019, at 1:30 p.m., before the Honorable Judge Dale S. Fischer, in Courtroom 7D of the First Street Courthouse, 350 West 1st Street, Los Angeles, California, Defendant Cambria Community Services District will and hereby does move the Court to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 22, 2019.   As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. This Motion is based on this Notice of Motion and Motions, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers filed in this action, and such further argument and matters as may be offered at the time of the hearing of this Motion.

Dated: September 3, 2019                          CARMEL & NACCASHA LLP

                                        By: /s/ Michael M. McMahon
                                            Michael M. McMahon
                                            Attorneys for Defendant
                                            Cambria Community Services District

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   PROCEDURAL HISTORY.

On December 1, 2017, Plaintiffs filed substantially the same complaint in this District as Case No. 2:17-cv-08536 against the same defendants:  County of San Luis Obispo ("County") and Cambria Community Services District ("District") ("Windeler I").  The complaint in Windeler I included three additional causes of action: 1) writ of mandamus under California Code of Civil Procedure section 1085; 2) inverse condemnation; and 3) a claim of procedural due process violations. On March 12, 2018, Judge Fischer dismissed Plaintiffs' complaint on the basis that: (1) as to the state and federal takings claims, Plaintiffs failed to satisfy the second prong under *Williamson County Regional Planning Comm. v. Hamilton Bank*, 473 U.S. 172 (1985), specifically, the requirement that for an as-applied regulatory takings claim in California, plaintiffs must first bring an inverse condemnation claim in state court; and (2) as to the federal due process claims, the Court abstained under the *Pullman* doctrine.

The Court ordered Plaintiffs to pursue their claims in state court and report back on the status of proceedings after six months.  On April 12, 2018, Plaintiffs also filed an action in San Luis Obispo County Superior Court, case number 18CVP-0129 ("SLO County Action").  On May 15, 2018, this Court denied Plaintiffs' motion to certify the Dismissal Order.  On May 29, 2018, this Court denied Plaintiffs' motion for leave to appeal from the Dismissal Order.  On June 27, 2018, this Court denied Plaintiffs' motion to stay the Dismissal Order.  On July 23, 2018, Plaintiffs filed a notice of appeal to the Ninth Circuit Court of Appeal.

On August 2, 2018, the Ninth Circuit issued an order to Plaintiffs to show cause why their appeal should not be dismissed for lack of jurisdiction.  On September 19, 2018, the Ninth Circuit granted Plaintiffs' motion for voluntary dismissal.  Plaintiffs failed to serve or otherwise prosecute the SLO County Action and it was voluntarily

1  dismissed on February 9, 2019 after the Court set an order to show cause as to why the

2  case should not be dismissed.

3       Since the Dismissal Order was entered, the United States Supreme Court

4  decided *Knick v. Township of Scott,* 588 U.S. ____,139 S. Ct. 2162 (June 21, 2019).

5  The June 21, 2019 opinion by the Court overruled the state litigation requirement of

6  *Williamson County, supra*. This led Plaintiffs to file this complaint now with only two

7  causes of action: 1) takings claim under the Fifth Amendment, 42 U.S.C. section 1983

8  and 2) a claim of substantive due process violations, 42 U.S.C. section 1983.

9  **II.      INTRODUCTION**

10       The current lawsuit raises the question whether Plaintiffs have a property right

11  in prospective water service from the District.  As stated in the Complaint, the

12  fundamental question presented is whether the Plaintiffs have suffered an

13  unconstitutional deprivation of access to water and sewer services necessary to develop

14  their vacant, unimproved parcels of land in Cambria.  (Complaint, p. 1, ¶ 1.)  San Luis

15  Obispo County Superior Court judges have decided eight times since 2000 that

16  similarly situated landowners in Cambria do not have a protected property interest in

17  prospective water use.  Based on this track record, Plaintiffs' motivation in

18  establishing diversity to allow a filing in United States District Court is obvious.

19       Plaintiffs have failed to state a claim that supports either a takings claim under

20  the Fifth Amendment or substantive due process violation because under long standing

21  California law, a property owner does not have a constitutionally protected property

22  right in *potential* water service.  Without a constitutionally protected property right, the

23  Plaintiffs' Complaint cannot be amended to assert facts to support these causes of

24  action.  Therefore, Plaintiffs' Complaint cannot survive this motion to dismiss for

25  failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6) and the

26  Court must dismiss these causes of action with prejudice.

27  //

28  //

### III.       FACTUAL BACKGROUND

The District is a special district formed to provide water and sewer services within its jurisdictional boundaries in Cambria. (Complaint p. 3, ¶ 8 lines 1-3; p. 5, ¶ 18, lines 11-13.)  The Plaintiffs own vacant, unimproved parcels in Cambria within the District's water and sewer service area. (Complaint pp. 5-7, ¶¶ 21-25.)  The Plaintiffs' properties have never had water or sewer service from the District. (Complaint p. 7, ¶ 26, lines 3-6.)  When Michael and Karen Windeler ("Windelers") purchased their property, the Windelers knew the District could not provide water for new hookups for the development of vacant, unimproved lots in Cambria. The Windelers chose not to secure a place on the District's waiting list for water and sewer service in 1988 when they bought their unimproved property. (*Id.* at p. 5.)

As indicated in the documents submitted by the County by way of Request for Judicial Notice, the County's Coastal Zone Land Use Ordinance ("Ordinance") applies to the properties alleged in the Complaint because they are in the Coastal Zone. [County RJN, Exhibit D.]  A property owner applying for a land use permit from the County must include all information required by "planning area standards of the Land Use Element for a specific community or area of the county." [County RJN, Exhibit E, p. 2- Ordinance section 23.02.030 b.(8)(v).]  The Planning Area Standard that applies to Cambria requires that land use applications be accompanied by written verification of water and sewer service availability from the District. [County RJN, Exhibit F.] The Windelers lacked this written verification and the County refused to accept their application for development as complete and begin processing them for consideration by the relevant hearing body authority. [Complaint p. 7, ¶ 27.]

The Windelers allege that they submitted a variance application to the County's Department of Planning and Building. [Complaint 7:24-27.]  In their application, the Windelers sought a variance from requirements that would bar development without a verification of available water and/or sewer service from the District. The other Plaintiffs have not applied for a similar variance from the County. [Complaint 10:18-

21.] The County Board of Supervisors denied their variance application on October 17, 2017 at a duly noticed hearing where the Windelers' attorney, Mr. Alpert, presented their position to the Board on the variance. [Complaint ¶¶ 33-34.] Plaintiffs then filed the previous action and pending action in the Central District.

## IV.      MOTION TO DISMISS STANDARD OF REVIEW

### A. Standard for Motion to Dismiss under Rule 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), the complaint must:  1) assert a plausible claim; and 2) set forth sufficient factual allegations to support the claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), citing *Twombly*, 550 U.S. 554); see also *Frith v. Guardian Life Ins. Co. of Am*., 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998) (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

In *Twombly*, the Supreme Court rejected the Rule 12(b)(6) standard set forth under *Conley v. Gibson*, 355 U.S. 41 , 45-46 (1957).  Pleadings are no longer satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation."  *Iqbal*, 129 S. Ct. at 1949, *citing Twombly*, 550 U.S. at 555.  To satisfy the new standard set forth in these cases, a complaint must contain sufficient factual matter, to state a claim to relief that is plausible on its face.

A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim.  "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Therefore, if allegations are merely conclusory, they are not to be assumed true." *Id*. Even if a court decides that the factual allegations are entitled to an assumption of truth, the facts, however, must also suggest an entitlement to relief.  *Id*. at 1951.

//

# V.      ARGUMENT

### A. Petitioners Allege no Protected Property Interest in their Section 1983 Taking Cause of Action.

Plaintiffs seek to assert a claim for a taking under 42 U.S.C. section 1983.  In takings cases brought under section 1983, constitutionally protected property rights are defined by state law.  *Board of Regents v. Roth*, 408 U.S. 564 (1972).  The United States Supreme Court defers to state law to define the limits of those constitutionally protected rights.  *Presault v. United States*, 100 F.3d 1525 (F.Cir 1996).  Under *Gilbert v. State of California* 218 Cal. App. 3d 234, 239(1990), Plaintiffs have not alleged a protected property right.  The motion to dismiss this cause of action should be granted with prejudice.

To state a taking claim under section 1983, Plaintiffs must possess a property interest protected by the Fifth Amendment's Takings Clause.  *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000 (1984), *Realty Co. v. City of San Buenaventura*, 10 Cal. 3d 110, 119-120 (1973).  In deciding whether an unconstitutional taking has occurred, California courts are guided by the United States Supreme Court decisions. *Milagra Ridge Partners, Ltd. v. City of Pacifica*, 62 Cal.App.4th 108, 116 (1998). Protected property interests are created and defined by independent sources such as state law.  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

California courts have long held that a potential user of water does not have an absolute right to be treated like existing water users in a water district.  *Hollister Park Inv. Co. v. Goleta County Water Dist.*, 82 Cal.App.3d 290, 294 (1978), *Swanson v. Marin Mun. Water Dist.*, 56 Cal.App.3d 512, 522 (1976); *McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1457-1458 (9th Cir. 1986).  In *McMillan*, the Ninth Circuit Court of Appeal sent the matter back to District Court for the crucial determination whether plaintiffs were actual or potential water users, stating that if it found they were only potential users, their substantive due process claims would fail under *Hollister*.  This analysis always returns to the long-established principle that California law "does not

recognize potential water use as a compensable property right." *Gilbert v. State of California*, 218 Cal.App.3d 234, 250 (1990).

Plaintiffs do not allege facts to support a claim that they have a constitutionally protected property right in actual water use from the District.  As has every plaintiff seeking water in Cambria since 2000, Plaintiffs assert that they do not have existing water service for any of their unimproved properties.  The plaintiffs in *Gilbert* and *Hollister Park* were similarly situated to the Plaintiffs here; they could not develop their property because the water district was not able to provide new water service to unimproved properties. *Gilbert v. State of California,* 218 Cal. App. 3d at 239, *Hollister Park Inv. Co.,* 82 Cal. App. 3d at 293. Plaintiffs do not allege that they have existing water and sewer service from the District and will not be able to do so with leave to amend.  Because Plaintiffs cannot in good faith allege that they have water service, they cannot demonstrate that they have a property right protected under the United States Constitution or the California Constitution.

Based on the same established authority outlined above, the San Luis Obispo County Superior Court has consistently determined that a taking claim of the type alleged by Plaintiffs in this action is not viable.  The issue was litigated repeatedly since Cambria property owner Gregg Berge filed his first lawsuit on April 12, 2000.  In that case and those that followed, the trial court determined that property owners like Plaintiffs, who are not on the water and sewer wait list, have no protected property interest in water use and, therefore, nothing to be "taken."  Furthermore, the court decided long ago that takings claims are barred by the applicable statutes of limitations.  The passage of almost 20 years has not created a recognized property interest and it certainly has done nothing to render the current Plaintiffs' damages claims timely.

### B. The Substantive Due Process Claims Falls based on Failure to Allege a Protected Property Interest.

Plaintiffs' second cause of action fails based on their inability to allege a property right to support their claim for substantive due process violations.  In the

second cause of action, Plaintiffs claim that the Defendants' alleged actions have deprived them of water and sewer service, giving rise to an alleged violation of their substantive due process rights under the United States Constitution. (Complaint, pp. 17-18.) To allege a viable claim under substantive due process clauses in the Fourteenth Amendment of the United States Constitution, Plaintiffs must allege an interest that falls within the Fourteenth Amendment's protection of liberty and property. *Board of Regents of State Colleges v. Roth*, 408 U.S. at 571. A substantive due process claim brought under 42 U.S.C. section 1983 must demonstrate that the government has arbitrarily acted in a manner that deprives a person of property. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). In reviewing the substantive due process claim, the *McMillan* Court expressly found that if a property owner is only a potential user of water from a water district, then the claims must fall in light of *Hollister Park. McMillan, supra*, 792 F.2d at 1457-58.

The District asks that the Court dismiss Plaintiffs' Complaint with prejudice because the they have not and cannot allege a constitutionally protected property right as potential water users. Plaintiffs' overarching claim is that they all own unimproved properties within the District's service area that do not have and have never had water service. [Complaint p. 7, ¶ 26.] Because Plaintiffs will never be able to amend to allege facts to support a claim of constitutionally protected property interest, this motion should be granted with prejudice.

## VI. CONCLUSION

Because Plaintiffs, as potential water users, do not allege a protected property interest, the District asks that this Court grant the motion to dismiss with prejudice.

Dated: September 3, 2019                    CARMEL & NACCASHA LLP

                                            By: /s/ Michael M. McMahon
                                                Michael M. McMahon
                                                Attorneys for Defendant
                                                Cambria Community Services District

1

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

2

3      I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1908 Spring Street, Paso Robles, California, 93446.

4

5      On September 3, 2019, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT** on the interested parties in this

6    action as follows:

7      _**Attorney for Plaintiffs:**_                    _**Attorney for Defendant, County of**_
       Gregory B. Beam                                  _**San Luis Obispo:**_
8      Mark D. Alpert                                    Jon Ansolabehere
       Gregory Beam & Associates, Inc.                   Chief Deputy County Counsel
9      23113 Plaza Pointe Drive, Suite 100               County of San Luis Obispo
       Laguna Hills, CA 92653                            1055 Monterey Street
10     Tel. (949) 598-5800                               San Luis Obispo, CA 93408
       Fax: (949) 598-5815                               Tel: (805) 781-5400
11     gbeam@beamlaw.net                                 Fax: (805) 781-4221
       malpert@beamlaw.net                               jansolabehere@co.slo.ca.us

12

13   (X)   BY MAIL: I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for
14         collection and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary
15         course of business with the United States Postal Service, in a sealed envelope with postage filly prepaid, addressed to the person(s) on whom it is to be served, at the
16         address(es) showed above.

17   ( )   BY PERSONAL SERVICE: I arranged for personal delivery of the document listed above to the addressee.

18

19   ( )   BY OVERNIGHT DELIVERY: I deposited such envelope, with delivery fees paid or provided for, in a box or other facility regularly maintained by
           Golden State Overnight, or delivered to a driver or courier authorized by Golden
20         State Overnight to receive documents.

21

22      I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on September 3, 2019 at Paso Robles, California.

23

24

25                                      Lisa M. Perez

26

27

28

---

PROOF OF SERVICE