Gregory B. Beam (SBN 102443)
Mark D. Alpert (SBN: 138152)
GREGORY BEAM & ASSOCIATES, INC.
23113 Plaza Pointe Drive, Suite 100
Laguna Hills, CA  92653
(949) 598-5800
malpert@beamlaw.net

Attorneys for Plaintiffs
Michael Windeler, Karen Windeler, Joy Salerni,
Jeff Schneider, Edna Schneider, Barbara Knight,
Kent Knight, Bruce DePaola, Terri DePaola

UNITED STATES DISTICT COURT OF CALIFORNIA

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WINDELER, KAREN WINDELER, JOY SALERNI, JEFF SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT, BRUCE DEPAOLA, TERRI DEPAOLA,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>CAMBRIA COMMUNITY SERVICES DISTRICT; COUNTY OF SAN LUIS OBISPO,<br><br>Defendants and Respondents. | Case No. 2:19-cv-06325-DSF(JEMx)<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OF DEFENDANT CAMBRIA COMMUNITY SERVICES DISTRICT**<br><br>Date:          October 7, 2019<br>Time:          1:30 p.m.<br>Location:    Courtroom 7D<br>                     First Street Courthouse<br>                     350 West 1st Street<br>                     Los Angeles, CA<br><br>Assigned to Honorable<br>Dale S. Fischer<br><br>Complaint Filed:  July 24, 2019<br><br>[FILED CONCURRENTLY WITH REQUEST FOR JUDICIAL NOTICE] |

Plaintiffs submit the following memorandum of points and authorities in opposition to Defendant Cambria Community Services District's Motion to Dismiss Plaintiffs' Amended Complaint.

///

- 1 -

# **TABLE OF CONTENTS**

1.  Introduction.................................................................................................2

2.  District Makes the Unsupported and Factually Inaccurate Claim That the
    Windelers Knew the District could not Provide Water When the Windelers
    Purchased Their Lot.......................................................................................2

3.  District Suggests but Does Not Argue Plaintiffs' Claims are Barred by Prior
    State Court Litigation and Untimely .............................................................3

4.  Conclusion ....................................................................................................7

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Lockary v. Kayfetz* (9th  1990) 917 F.2d 1150, 1154-55.................................2

*McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1457 (9th Cir. 1986)....................3

*Palazzolo v. Rhode Island,* 533 U.S. 606, 609, 121 S. Ct. 2448, 2453, (2001)........5

*Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 164, 101 S.Ct. 446, 66 L.Ed.2d 358.................................................................................6

OPPOSITION TO MOTION TO DISMISS OF CAMBRIA COMMUNITY SERVICES DISTRICT

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   Introduction

The Motion to Dismiss ("MTD") of Cambria Community Services District ("District") is substantively identical to the County's MTD.  District also argues that Plaintiffs cannot prevail because they have no protected property interest in water or sewer service, based on exactly the same cases.   Like the County, District ignores the Plaintiffs' claim that the payment of special assessments for the construction of water and sewer facilities gives rise to a property interest in such services. Likewise, District ignores the Plaintiffs' claim that the District and County have a property interest in the value of their lots which District and the County are alleged to have taken, ignoring controlling authority from this Circuit in *Lockary v. Kayfetz* (9th  1990) 917 F.2d 1150, 1154-55.

Because their motions to dismiss are substantively identical and in the interests of judicial economy, Plaintiffs incorporate by reference the statement of facts and legal arguments submitted in opposition to County's MTD as part of their Opposition to the District's MTD.

Plaintiffs submit a separate opposition as to the District's MTD to address factual and legal issues raised in the District's MTD which are unsupported and irrelevant, but apparently offered to influence the Court.

### 2.     District Makes the Unsupported and Factually Inaccurate Claim That the Windelers Knew the District Could Not Provide Water When the Windelers Purchased Their Lot

District's "Factual Background" includes the following statement: When Michael and Karen Windeler ("Windlers") purchased their property, the Windelers knew the District could not provide water for new hookups for the development of vacant, unimproved lots in Cambria.  (District MTD, pg. 8, lines 7-9)

- 2 -

1   There is no citation to evidence supporting this contention.   It seems likely
2   District intended to reference the letter of counsel for the Windelers which is
3   attached as Exhibit C to the Request for Judicial Notice ("RJN") to County's MTD.

4        The District and County are attempting to give the Court the impression that
5   when the Windelers bought the property, they knew they could not get water service.
6   The problem with this factual claim is two-fold.   First, it is not relevant to the MTD,
7   which does not attempt to argue the merits of Plaintiffs' taking claims[1].   Second,
8   more importantly, it is not true.   The letter says nothing about unavailable water.
9   (See Exh. C to County's RJN).   Instead, it references the fact that the Windelers
10  were aware of an annual limit of 125 new connections because of EPA concerns
11  over <u>sewer connections</u>.   The letter says absolutely nothing about water being
12  unavailable.   (*Id*).   It also explains the Windelers were not concerned about this
13  limitation because they did not plan to build immediately.   As pointed out in
14  Plaintiffs' opposition to County's MTD, if the District and County had allowed 125
15  new connections a year since 1988, all the legal lots remaining in Cambria could
16  have District water and sewer service.

17       **3.    District Suggests But Does Not Argue Plaintiffs Claims Are Barred**
18  **By Prior State Court Litigation and Untimely**

19       District's  MTD alludes to what it claims are a long series of state court
20  actions which rejected similar claims.   It states that the San Luis Obispo Superior
21  Courts have repeatedly rejected claims relying on the same authority District cites
22  and that these superior courts have also held that taking claims are not timely.   (See
23  District Opp. p. 11, lns: 14-24)  Of course, state trial court decisions have no legal
24  effect on this case and these claims involved different parties, which is perhaps why
25  District does not attempt to actually utilize this "authority" in support of the MTD.

26       While the statute of limitations is not actually raised in the MTD, it is worth
27  noting that the decision in *McMillan v. Goleta Water Dist.*, 792 F.2d 1453, 1457 (9th

28  _____
[1] Except to argue there is no property to be taken.

- 3 -

**OPPOSITION TO MOTION TO DISMISS OF CAMBRIA COMMUNITY SERVICES DISTRICT**

1   Cir. 1986), cited by District and County, explains that the statute of limitations does

2   not begin to run until the government entity charged with implementing regulations

3   has reached a final decision regarding the application of the regulations to the

4   property at issue.  Plaintiffs bring "as applied" challenges based on the specific

5   action or inaction of the Defendants regarding Plaintiffs' applications for utility

6   service and development applications.

7        If the Court reviews the County's Reply in Support of the Motion to Dismiss

8   in the prior federal litigation, the Court will find the County arguing the Windelers

9   and other Plaintiffs have not exhausted all possible uses for the property through

10  other variance applications.  (See Reply of County, Case 2:17-cv-08536-DSF, page

11  11, lines 21-25, Exhibit 2 to Plaintiffs' Request for Judicial Notice).  County also

12  argued "it is abundantly clear" the Windlers could receive water service at some

13  time in the future when more water is obtained. (*Id* p. 8, lines 10-13)

14       Thus, when it suits the Defendants' ripeness arguments, they claim there are

15  any number of development applications that could yet be filed, but when the

16  County and District realize these arguments will fail, they argue the Plaintiffs'

17  property was taken decades ago.  How can they argue a taking occurred years ago

18  when just last year they argued the Plaintiffs still have an opportunity to develop

19  their lots?

20       There is an important broader point to be made about the Districts "non-

21  arguments."  For decades, the County and District have been playing games

22  designed to prevent a "final decision" of the kind contemplated in McMillan from

23  taking place.  The District refuses to accept applications for new water and sewer "at

24  this time" because of a temporary "water emergency." (FAC ¶ 42)  County refuses

25  to process development applications based on the fact that they are not accompanied

26  by a certificate confirming District service.  (*Id*)

27       County has not undertaken proceedings to rezone Plaintiffs' or others' lots to

28  open space.  County has not initiated direct condemnation proceedings against any

- 4 -

1  lots to convert them to public open space.   These direct approaches would have
2  given rise to the requirement of compensation.  County and District have chosen
3  their approach purposefully to prevent taking and other claims from accruing by
4  preventing lot owners from processing applications for utility service and obtaining
5  a final decision denying development.  (FAC ¶¶ 40-41)  When Court actions are
6  filed, County and District point to the "moratorium" that bars new connections while
7  the "permanent emergency" persists.

8         Having played this game so successfully so many years, the County and
9  District see that particular jig may be up and are beginning the shift to a new
10  strategy:   It is too late, the taking occurred decades ago.  One can almost admire the
11  unmitigated gall of this approach.

12         For decades, including in their motions to dismiss, the County and District
13  argued nothing is taken, that we simply have a water emergency and cannot yet
14  provide utility service or allow development.  Now the County and District are
15  apparently poised to argue the taking happened decades ago.  Under this theory,
16  County and District effectively argue they have converted hundreds of legal lots to
17  open space without compensation, without giving the owners of those lots  so much
18  as a single notice of rezoning, much less an opportunity to be heard.   If District and
19  County's argument were to be accepted, there would have never been a time that
20  these lot owners could have sued.

21         While an extensive discussion of statute of limitations is beyond the scope of
22  these motions, it is worthwhile to note relevant observations of the United States
23  Supreme Court,  which has made clear that even lot owners who purchased their
24  property with confiscatory regulations in place may bring a timely  "as applied"
25  challenge years later. *Palazzolo v. Rhode Island,* 533 U.S. 606, 609, 121 S. Ct.
26  2448, 2453, (2001).  The Supreme Court explained:

27         This Court rejects the State Supreme Court's sweeping rule that a
28         purchaser or a successive title holder like petitioner is deemed to have

- 5 -

notice of an earlier-enacted restriction and is barred from claiming that

it effects a taking. **Were the Court to accept that rule, the**

**postenactment transfer of title would absolve the State of its**

**obligation to defend any action restricting land use, no matter how**

**extreme or unreasonable. A State would be allowed, in effect, to put**

**an expiration date on the Takings Clause. This ought not to be the**

**rule.** Future generations, too, have a right to challenge unreasonable

limitations on the use and value of land. The State's notice justification

does not take into account the effect on owners at the time of

enactment, who are prejudiced as well. Should an owner attempt to

challenge a new regulation, but not survive the process of ripening his

or her claim (which, as this case demonstrates, will often take years),

under the State's rule the right to compensation may not be asserted by

an heir or successor, and so may not be asserted at all.  **The State's rule**

**also would work a critical alteration to the nature of property,** as

the newly regulated landowner is stripped of the ability to transfer the

interest which was possessed prior to the regulation. **The State may**

**not by this means secure a windfall for itself.**  See, e.g., *Webb's*

*Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 164, 101 S.Ct.

446, 66 L.Ed.2d 358.

(*Id* at 608–609, emphasis added)

A windfall is exactly what County and District seek, to convert hundreds of

private lots to public open space without compensating the owners of those lots.    It

would be a heist for the ages if the Constitution allowed it.  It does not.

//

//

//

//

1

### 4.   Conclusion

2     For the foregoing reasons and those set forth in Opposition to the Motion to

3 Dismiss of the County, District's Motion to Dismiss should be denied and the

4 District should be ordered to answer the First Amended Complaint.

5 Dated:  September 16, 2019          GREGORY BEAM & ASSOCIATES, INC.

6

7                                     By:  _____/s/ Mark D. Alpert_____
                                          Mark D. Alpert
8                                         Attorneys for Plaintiffs and Petitioners

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION TO DISMISS OF CAMBRIA COMMUNITY SERVICES DISTRICT**

1

**PROOF OF SERVICE**

2

*WINDELER, et al. v. CAMBRIA COMMUNITY SERVICES DISTRICT, ET AL.*

3

Case No. 2:17-cv-08536 -DSF- (JEMx)

4

STATE OF CALIFORNIA, COUNTY OF ORANGE

5

6

7

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 23113 Plaza Pointe Drive, Suite 100, Laguna Hills, CA 92653.  On September 16, 2019, I caused the foregoing document(s) described as:

8

**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OF DEFENDANT CAMBRIA COMMUNITY SERVICES DISTRICT**

9

to be served on the interested parties in this action as follows:

10

11

☐ By placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as stated below or  [XX] by sending a copy as stated and addressed below:

12

13

*SEE ATTACHED SERVICE LIST*

14

15

16

    ☒    **BY ELECTRONIC SERVICE.**  I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

17

18

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

Executed on September 16, 2019, at Laguna Hills, California.

20

21

_____
Sandra Beck

22

23

24

25

26

27

28

**SERVICE LIST**

*WINDELER, et al. v. CAMBRIA COMMUNITY SERVICES DISTRICT, ET AL.*

Case No. 2:19-cv-06325 -DSF(JEMx)

Rita L. Neal, Esq.
Jon Ansolabehere, Esq.
County Counsel
County of San Luis Obispo
1055 Monterey St., Room D320
San Luis Obispo, CA 93408
Phone: 805-781-5400
Fax: 805-781-4221
Email: jansolabehere@co.slo.ca.us

Michael M. McMahon, Esq.
CARMEL & NACCASHA, LLP
1908 Spring Street
Paso Robles, CA 93446
Phone: 805-226-4148
Fax: 805-226-4147
Email: mmcmahon@carnaclaw.com

*Attorneys for Defendant and Respondent,*
*COUNTY OF SAN LUIS OBISPO*

*Attorneys for Defendant and Respondent,*
*CAMBRIA COMMUNITY SERVICES*
*DISTRICT*

ii

PROOF OF SERVICE