Timothy J. Carmel, SBN 122695
Michael M. McMahon, SBN 157556
CARMEL & NACCASHA, LLP
1908 Spring Street
Paso Robles, California 93446
Tel.: (805) 226-4148
Fax: (805) 226-4147
Email: mcmahon@carnaclaw.com

Attorneys for Defendant
Cambria Community Services District
(served herein as Cambria Community Water District)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WINDELER, KAREN WINDELER, JOY SALEMI, JEFF SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT, BRUCE DePAOLA, TERRI DePAOLA,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>CAMBRIA COMMUNITY WATER DISTRICT, COUNTY OF SAN LUIS OBISPO,<br><br>Defendants and Respondents. | Case No. 2:19-cv-06325-DSF(JEMx)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**<br><br>Date:     October 7, 2019<br>Time:     1:30 p.m.<br>Location: Courtroom 7D, First Street Courthouse, 350 West 1st Street, Los Angeles, CA<br><br>Assigned to: Honorable Dale S. Fischer<br><br>*Complaint Filed: July 24, 2019* |

   Respondent Cambria Community Water District ("District") hereby submits the following memorandum of points and authorities in reply to Plaintiff's Opposition to the District's Motion to Dismiss Plaintiffs' Amended Complaint.

//

//

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. ARGUMENT

### A. The Alleged Special Assessment does Not Create a Property Right.

As it relates to alleged assessments, Plaintiffs' primary claim is that in the 1970s they or their predecessors paid assessments used to develop sewer improvements. They then cite cases for the proposition that these alleged payments create a right to the benefit for which the payments were allegedly made. *See Furey v. City of Sacramento*, 24 Cal. 3d 862. (1979). From this they make the illogical jump to the position that alleged payment of assessments gives them a property interest otherwise denied them.

As the court noted in *Furey*, plaintiffs did not make out a claim for inverse condemnation damages based on assessment. 24 Cal. 3d at 877-78. Instead, the court stated that "if the facts are shown to be as alleged they should be entitled to the latter form of relief on other grounds -- i.e., the effect of those same regulations upon plaintiffs' ability to realize the special benefits generated by the assessment district in which they have been included and to which they have substantially contributed." *Id.* Plaintiffs have failed to argue what relief they claim is appropriate where they have alleged payment of assessments and the cases cited do not warrant denial of the motion to dismiss.

Plaintiffs find no help in the other cases cited in support of the proposition that an assessment creates a right. *See Knox v. City of Orland,* 4 Cal. 4th 132 (1992), *superseded by statute as stated in Not About Water v. Board of Supervisors,* 95 Cal. App. 4th 982. (2002). Plaintiffs cite no language from this case holding that an assessment specific to a service creates a mandatory duty to provide that service or compensate a property owner where the service cannot be provided. *Knox* was not a writ proceeding seeking an order requiring an entity to provide such service or for damages allegedly resulting from denial of service. Instead, *Knox* was an action in which the validity of the assessment was challenged.

**B. Lockary is not Dispositive.**

As plaintiffs concede in their opposition, *Lockary* was before the Ninth Circuit following summary judgment. The Court's determination that plaintiffs submitted evidence sufficient to establish a triable issue of fact demonstrates the dramatic difference between the claims asserted in that case and those alleged in the present action. As the Court in *Lockary* noted, "interest in water for development purposes is not a fundamental right." *Lockary v. Kayfetz*, 917 F. 2d 1150, 1153 (9th Cir. 1990). A classification needs only a rational relation to a legitimate state interest. *Id.*

The Court recognized that the rational relation test will not support official conduct that is "malicious, irrational, or plainly arbitrary." *Id*. In *Lockary*, plaintiffs presented admissible evidence that the Bolinas water shortage was pretextual. Among other things, plaintiffs presented admissible evidence that: 1) the water consumption had increased by 70% since the district imposed the water moratorium; 2) that storage capacity in the district had increased by 1100%; 3) that the district had provided water for secondary units and swimming pools; 4) that the district had voluntarily relinquished rights to water sources; 5) that the leakage rate in the district was double the norm; and 6) that the district had sufficient water to permit population growth. *Id*. at 1155-56.

In the present action, Plaintiffs have not alleged facts to support a claim of this type of allegedly arbitrary or malicious conduct on the part of the District. Plaintiffs acknowledge that CCSD lacks adequate water supplies and attempt to rely on the allegation, in the form of conclusion, that CCSD has somehow conspired with the County to avoid locating new sources of water with the goal of limiting growth in Cambria. As Plaintiffs themselves have acknowledged, CCSD has not attempted to "hide" water but has attempted to develop alternative water sources including a desalination plant. [Opp. 19 fn. 14.]

//

## II. CONCLUSION

Because Plaintiffs, as potential water users, do not allege facts to support the claim that they possess a protected property interest, the District asks that this Court grant the motion to dismiss with prejudice.

Dated: September 23, 2019          CARMEL & NACCASHA LLP

By: /s/ Michael M. McMahon
    Michael M. McMahon
    Attorneys for Defendant
    Cambria Community Services District

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

I am employed in the County of San Luis Obispo, State of California. I am over the age of 18 and not a party to the within action. My business address is 1908 Spring Street, Paso Robles, California, 93446.

On September 23, 2019, I served the foregoing document described as **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT** on the interested parties in this action as follows:

| *Attorney for Plaintiffs*: | *Attorney for Defendant, County of San Luis Obispo*: |
|---|---|
| Gregory B. Beam | Jon Ansolabehere |
| Mark D. Alpert | Chief Deputy County Counsel |
| Gregory Beam & Associates, Inc. | County of San Luis Obispo |
| 23113 Plaza Pointe Drive, Suite 100 | 1055 Monterey Street |
| Laguna Hills, CA 92653 | San Luis Obispo, CA 93408 |
| Tel. (949) 598-5800 | Tel: (805) 781-5400 |
| Fax: (949) 598-5815 | Fax: (805) 781-4221 |
| gbeam@beamlaw.net | jansolabehere@co.slo.ca.us |
| malpert@beamlaw.net | |

(X) BY ELECTRONIC TRANSMISSION: I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on September 23, 2019 at Paso Robles, California.

Lisa M. Perez