COUNTY OF SAN LUIS OBISPO
COUNTY COUNSEL
RITA L. NEAL, SBN 151156
JON ANSOLABEHERE, SBN 278174
Email: jansolabehere@co.slo.ca.us
1055 Monterey Street, Room D320
San Luis Obispo, CA 93408
Telephone: (805) 781-5400
Facsimile: (805) 781-4221

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MICHAEL WINDELER, KAREN WINDELER, JOY SALEMI, JEFF SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT, BRUCE DEPAOLA, TERRI DEPAOLA,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>CAMBRIA COMMUNITY WATER DISTRICT, COUNTY OF SAN LUIS OBISPO,<br><br>Defendants and Respondents. | Case No. 2:19-cv-06325 DSF(JEMx)<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**<br><br>Date: October 7, 2019<br>Time: 1:30 PM<br>Location: Courtroom 7D, First Street Courthouse, 350 West 1st Street, Los Angeles, CA<br><br>Assigned to: Honorable Judge Dale S. Fischer<br><br>*Complaint Filed: July 24, 2019* |

Respondent County of San Luis Obispo ("County") hereby submits the following memorandum of points and authorities in reply to Plaintiffs' Opposition to the County's Motion to Dismiss Plaintiffs' Amended Complaint.

//

//

---

1

Reply to Opposition to Motion to Dismiss Plaintiffs' Amended Complaint

# TABLE OF CONTENTS

**Table of Contents** ........ **2**

**Table of Authorities** ........ **3**

**Memorandum of Points and Authorities** ........ **4**

1. A Special Needs Assessment Does Not Ripen into a Property Right ........ 4
2. Plaintiffs Salerni, the Schneiders, the Knights, and the DePaolas' "Facial Challenge" Must Fail Because Such a Challenge is Based on a Noncompensable Property Right in the Water They Seek to Obtain ........ 6
3. Lockary Inappropriately Delves into Local Land Use Disputes, Inappropriately Distinguishes Value in Water Service Versus the Value in the Land and Should Be Ignored in This Instance ........ 7

**Conclusion** ........ **9**

# TABLE OF AUTHORITIES

**Federal Cases**

*Board of Regents of State Colleges v. Roth* (1972)
    408 U.S. 564 ................................................................................................7

*Gardner v. Baltimore Mayor & City Council* (4th Cir. 1992)
    969 F.2d 63 ..................................................................................................9

*Lockary v. Kayfetz* (9th Cir. 1990)
    917 F.2d 1150 .................................................................................6, 7, 8, 9

*Lucas v. South Carolina Coastal Council* (1992)
    505 U.S. 1003 ...........................................................................................7, 8

*Palazzolo v. Rhode Island* (2001)
    533 U.S. 606 ................................................................................................8

*Shelter Creek Development Corp. v. City of Oxnard* (9th Cir. 1988)
    838 F.2d 375 ................................................................................................7

*Sylvia Development Corp. v. Calvert County, Md.* (4th Cir. 1995)
    48 F.3d 810 ..................................................................................................9

*Wyatt v. United States* (Fed. Cir. 2001)
    271 F.3d 1090 ..............................................................................................7

**California Cases**

*Furey v. City of Sacramento* (1979)
    24 Cal.3d 862 ...........................................................................................4, 5

*Gilbert v. State of California* (1990)
    218 Cal.App.3d 234 ............................................................................6, 8, 9

*Not About Water Com. v. Board of Supervisors* (2002)
    95 Cal.App.4th 982 .....................................................................................4

*Silicon Valley Taxpayers Ass'n, Inc. v. Santa Clara County Open Space Authority* (2008)
    44 Cal.4th 31 ...............................................................................................4

**Federal Statutes**

42 U.S.C. § 1983 ...............................................................................................6, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. A SPECIAL ASSESSMENT DOES NOT RIPEN INTO A PROPERTY RIGHT.

Plaintiffs cite *Silicon Valley Taxpayers Ass'n, Inc. v. Santa Clara County Open Space Authority* (2008) 44 Cal.4th 31 and *Furey v. City of Sacramento* (1979) 24 Cal.3d 862 for the proposition that special assessments imposed on property for a special purpose can give rise to a compensable property interest if those property owners fail to realize the benefit of the special assessment so imposed, because of some sort of later governmental action. (Opp. p. 9: 7-18). Neither case supports this argument and in fact, one of them outright refutes it.

These cases and the others cited by Plaintiff in support of its property rights argument are simply about the validity of special assessments; they are not takings cases. *Silicon Valley, supra* held three things: (1) courts should exercise independent judgment in reviewing local agency decisions on constitutionality of special assessments, disapproving the case of *Not About Water Com. v. Board of Supervisors* (2002) 95 Cal.App.4th 982 (*Id* at 450); (2) anticipated benefits of open-space land were general benefits that could not be funded by special assessment (*Id* at 454); and (3) assessment was not proportional to benefits conferred on particular parcels (*Id* at 457). Plaintiffs cite pages 441-442 in the *Silicon Valley* decision as support for their position, however, those pages talk about the procedural history of the case, a discussion of Propositions 13, 218 and the differences between taxes and assessments. (Opp. pg. 2; 21-26). Nowhere in this case does the court state or imply that benefits intended by the special assessment create an independent property right. Actually, the words and/or phrases "taking," "inverse condemnation," "fifth amendment," or "property interest" are not even mentioned in the decision whatsoever.

*Furey, supra,* is even more directly on point. In that case, a special sewer assessment district was formed which included plaintiffs' property which is now commonly known as "Natomas" in Sacramento. The assessment was intended to pay for large sewer trunk lines and infrastructure to accommodate the future growth of the

area. After certain legislation was enacted to preserve open space, the city enacted an open space ordinance which prevented any change of plaintiff's property from its agricultural zoning or any special use inconsistent with the open space designation. The Supreme Court of California considered the effect that the special assessment had and determined:

> It remains to consider the remedy which is appropriate in the circumstances. As we have indicated above, <u>plaintiffs have failed to allege facts which would entitle them to damages by way of inverse condemnation - either by virtue of diminution in the value of their lands as a result of City's open-space regulations or for limitation of their asserted right of access to the improvements in question</u>…We have also explained that they are not entitled to relief from the offending regulation by way of declaratory relief or mandate due to limitations imposed thereby on the uses to which they may put their lands. We have concluded, however, that if the facts are shown to be as alleged they should be entitled to the latter form of relief on other grounds - i.e., the effect of those same regulations upon plaintiffs' ability to realize the special benefits generated by the assessment district in which they have been included and to which they have substantially contributed. <u>We hold, therefore, that if the allegations made in the complaints before us are demonstrated at trial, relief would lie by way of declaratory relief or mandate precluding the application of the subject land-use regulations to plaintiffs</u>. (emphasis added) (*Furey,* 24 Cal. 3d at 877-878.)

The court outright determined that based on the facts alleged, there is no takings by way of inverse condemnation and that, assuming the facts are proven at trial, declaratory relief or writ of mandate would be the correct remedy. The same is true here, allegations of paying a special assessment cannot and do not ripen into a property

right subject to takings. Perhaps Plaintiffs' allegations could be used for declaratory relief or mandate, however, that is not what Plaintiffs have alleged here. Without a compensable property right at issue, Plaintiffs' causes of action must fail.

2. **PLAINTIFFS SALERNI, THE SCHNEIDERS, THE KNIGHTS, AND THE DEPAOLAS' "FACIAL CHALLENGE" MUST FAIL BECAUSE SUCH A CHALLENGE IS BASED ON A NONCOMPENSABLE PROPERTY RIGHT IN THE WATER THEY SEEK TO OBTAIN.**

Plaintiffs' First Cause of Action alleges a regulatory taking of property in violation of 42 U.S.C. § 1983 and the Fifth Amendment. This cause of action is based on the allegation that Plaintiffs cannot development their land because the County and the Cambria Community services District ("District") "have decided these lots will not be allowed to develop to effectuate a no growth policy and the denial of water and sewer service is simply a tool to effectuate that purpose without compensating the owners of these lots." (Opp. pg.2; 13-16). County's instant Motion to Dismiss alleges that the Plaintiffs do not have compensable property right pursuant to the *Gilbert v. State of California* (1990) 218 Cal.App.3d 234 line of cases. Plaintiffs respond to the County's motion based on *Lockary v. Kayfetz* (9th Cir. 1990) 917 F.2d 1150.

Plaintiffs' First Amended Complaint ("FAC") makes clear that only the Windeler Plaintiffs have submitted a development application. (FAC ¶ 35) While the Salerni, Schneiders, Knights, and DePaolas Plaintiffs (the "Non-Windeler Plaintiffs") allege they are "in substantively the same position" as the Windelers, their claims are effectively a *facial challenge* to the "no growth policy" that Plaintiffs allege exists precluding the development of their properties. One cannot have an as-applied challenge without submitting an application and having an actual decision to challenge. *Lockary* however, states that such a facial challenge, like the one involved here by the Non-Windeler Plaintiffs, "attacks the mere enactment of the restriction as a taking of their property *in the water they seek to obtain*." (emphasis in original) (*Lockary, supra,* 917 F.2d at 1154.) If the Non-Windeler Plaintiffs are attempting to

bring forth an as-applied challenge, then their claims are not yet ripe because that have not suffered an injury in fact. Claiming futility in such an application cannot avoid this requirement. See *Shelter Creek Development Corp. v. City of Oxnard* (9th Cir. 1988), 838 F.2d 375, 379 (acknowledging that a "futility exception" to the threshold requirement to seek a final administrative determination on a development application and variance exists only after each affected property owner submits a "meaningful application" for development and one "meaningful application" for a variance and the final determination is made by the government.) Based on this and because California law does not recognize potential water use as a compensable property right, the County's Motion to Dismiss should be granted as against the Non-Windeler Plaintiffs for the reasons set forth above.

**3. LOCKARY INAPPROPRIATELY DELVES INTO LOCAL LAND USE DISPUTES, INAPPROPRIATELY DISTINGUISHES VALUE IN WATER SERVICE VERSUS THE VALUE IN THE LAND AND SHOULD BE IGNORED IN THIS INSTANCE.**

In order to claim that property has been taken, the person making the claim must show ownership of a valid property interest at the time of the claimed taking. *Wyatt v. United States* (Fed. Cir. 2001) 271 F.3d 1090, 1096; see also *Board of Regents of State Colleges v. Roth* (1972) 408 U.S. 564, 577 ("[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.) This is sometimes referred to as "background principles doctrine."

The logic of the background principles doctrine is that property owners cannot lose a property right that they never had. Property ownership is confined by limitations on the use of land that "inhere in the title itself." (*Lucas v. South Carolina Coastal*

*Council* (1992) 505 U.S. 1003, 1029[1]; *Palazzolo v. Rhode Island* (2001) 533 U.S. 606, 629). Thus, even a regulation that seemingly destroys all market value is not a compensable taking if a "background principle" of state property law supports it. *Lucas, supra,* at 1030. When the Plaintiffs each purchased or inherited their vacant undeveloped lots, the "bundle of sticks" did not include water or sewer service. (FAC p. 4, ¶ 13). In fact, Plaintiffs acknowledge that "state health and safety regulations prevent a domestic well and septic system on lots under one half acre" and that "each of the properties is well below one half acre." (FAC p. 10, ¶ 35, 25-27).

It is the law of the State of California that one does not have a compensable property right to water service. *Gilbert, supra,* 218 Cal.App.3d 234. Whether one characterizes this as a value in water service or value in the property itself shouldn't make a difference because arguably, they are one and the same. When Plaintiffs each purchased or inherited their property, they understood that they could not drill a well or install a septic system because State law forbids it, and they did not have any sort of entitlement or vested right to water service. To differentiate between value in land versus value in utility service would turn *Gilbert, supra,* on its head.

Post *Lockary, supra,* several Federal cases have cautioned against applying 42 U.S.C. § 1983 to state and local land use disputes, although these cases primarily dealt with procedural due process claims, the cautionary advice is sound nevertheless:

> "Accordingly, federal courts should be extremely reluctant to upset the delicate political balance at play in local land-use disputes. Section 1983 does not empower us to sit as a super-planning commission or a zoning board of appeals, and it does not constitutionalize every 'run of the mill dispute between a developer and a town planning agency.'... In most instances, therefore, decisions regarding the application of subdivision regulations, zoning ordinances, and other local land-use

---

[1] Notably, this case and the background principles doctrine was decided by the US Supreme Court after *Lockary* and therefore, should be taken into consideration when considering the application of authority from that case.

controls properly rest with the community that is ultimately-and intimately-affected." (*Gardner v. Baltimore Mayor & City Council* (4th Cir. 1992) 969 F.2d 63, 68, followed in *Sylvia Development Corp. v. Calvert County, Md.* (4th Cir. 1995) 48 F.3d 810, 828-829, citations omitted.)

Development and utility service are core local functions and are at the heart of local use. As is the case with the town of Cambria, disputes over the provision of water service by the District have uniformly relied on *Gilbert*, 218 Cal.App.3d 234 to decide these disputes. (District's RJN Exs. 1-8.) If this Federal takings case were permitted to proceed simply based on *Lockary, supra,* then the obvious result, with not only Cambria, but the many other coastal towns who similarly suffer from short water supplies, is a simple copy and paste pleading of allegations of a "no growth" policy thus flooding the federal courts with these inherently local land use disputes. This Court should recognize that the bundle of sticks each Plaintiff had with respect to their property never included a legally recognized right in utility service and therefore, their causes of action should be dismissed.

## CONCLUSION

Based on the foregoing and the arguments expressed in the County's motion papers, the County respectfully requests that the Court dismiss all causes of action against the County, with prejudice.

RITA L. NEAL
County Counsel

DATED: September 23, 2019        By: _____
JON ANSOLABEHERE
Chief Deputy County Counsel
Attorneys for Defendant County of San Luis Obispo

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss.
COUNTY OF SAN LUIS OBISPO      )

I am employed in the County of San Luis Obispo, California; I am over the age of 18 years, and not a party to the within action; my business address is County Government Center, Room D320, San Luis Obispo, CA 93408.

On September 23, 2019, I served a true copy of this declaration and the following described document(s):

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM IN SUPPORT**

**In re: Michael Windeler, et al. v. Cambria Community Water District, et al.
2:19-cv-06325 DSF(JEMx)**

on the party or parties listed below:

| Attorney for Plaintiffs | Attorney for Defendant Cambria Community Services District |
|---|---|
| Gregory B. Beam | Michael M. McMahon |
| Mark D. Alpert | CARMEL & NACCASHA |
| GREGORY BEAM & ASSOCIATES, INC. | 1908 Spring Street |
| 23113 Plaza Pointe Drive, Suite 100 | Paso Robles, CA 93446 |
| Laguna Hills, CA 92653 | mmcmahon@carnaclaw.com |
| malpert@beamlaw.net | |

[X]    **By United States mail.** I enclosed a true copy of the documents in a sealed envelope addressed to each of the persons as indicated above, and then placed the envelope for collection and mailing where it would be deposited with the United States Postal Service with postage fully prepaid on the same day, following my employer's business practice with which I am readily familiar.

[X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 23, 2019, at San Luis Obispo, California.

*/s/ Rebecca Forcier*
Rebecca R. Forcier, Legal Clerk to
Jon Ansolabehere, Chief Deputy County Counsel

34rrfpld.docx