# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WINDELER, et al., Plaintiff,<br><br>v.<br><br>CAMBRIA COMMUNITY SERVICES DISTRICT, et al. Defendant. | CV 19-06325 DSF (JEMx)<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS (Dkt. Nos. 15, 17) |

    On December 1, 2017, Plaintiffs filed a case substantially similar to this case against Defendants Cambria Community Water District and the County of San Luis Obispo. See Windeler, et al v. Cambria Community Water District, et al., No. CV 17-8536 DSF (JEMx) (Windeler I). On March 12, 2018, the Court dismissed Windeler I for lack of subject matter jurisdiction because Plaintiffs had not previously sought compensation in state court pursuant to the ripeness requirements set forth in Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985). On June 21, 2019, the Supreme Court in Knick v. Township of Scott, Pa., 139 S. Ct. 2162, 2167-68 (2019) expressly overruled Williamson County and eliminated the state-litigation requirement previously imposed on takings claimants in federal court.

    On July 22, 2019, Plaintiffs filed the instant action against the District and the County. The First Amended Complaint (FAC) alleges claims for unconstitutional takings of property without

just compensation under the Fifth and Fourteenth Amendments and violations of substantive due process under the Fourteenth Amendment. Defendants move to dismiss. Because each party's requests for judicial notice are unopposed, all of the requests are granted.

## I.   FACTUAL BACKGROUND

Plaintiffs own several undeveloped lots in Cambria, an unincorporated area located within San Luis Obispo County. (FAC ¶¶ 21–25.) Plaintiffs purchased or obtained ownership of their respective lots between 1967 and 1989, with the reasonable expectation that the lots could be developed with a single-family home. (Id.)

In the early 1970s, the County and the District's predecessor in interest executed two Joint Power Agreements in which the parties agreed that the County would conduct assessment proceedings to finance the construction of sewer improvements in Cambria and the District's predecessor in interest would own and operate the resulting sewer improvements. (Id. ¶ 14.) The assessment proceedings created two assessment districts. (Id. ¶ 15.) Plaintiffs' properties are located within the second assessment district. (Id. ¶ 17.) The properties within this district were assessed and the landowners paid the matching share required by an Environmental Protection Agency grant, which financed the sewer improvements within this assessment district. (Id.) Plaintiffs allege that the resulting special benefit to the assessed properties was and remains the right to use the District's sewer system. (Id. ¶ 19.) Although Plaintiffs paid the assessments, their properties have been denied sewer service. (Id.)

Plaintiffs have tried to obtain water and sewer service through the District, but the District denied their applications,

citing a decades-long water emergency. (Id. ¶ 26.) In January 2017, several Plaintiffs submitted to the County applications for a minor use or land use permit. (Id. ¶ 27.) The County did not process the applications because they were not accompanied by written verifications of water and sewer service from the District. (Id.) On April 24, 2017, Plaintiffs Michael and Karen Windeler submitted a Development Application to the County requesting a variance from zoning requirements barring development on their land without a verification of water or sewer service from the District. (Id. ¶ 28.) On August 24, 2017, the County Planning Commission held a hearing on the Windeler's Application. (Id. ¶ 30.) The Commission denied the Application pursuant to the County's Variance Ordinance, finding that allowing the Windelers to develop their property would be inconsistent with the District's Buildout Reduction Program and the growth limitations in the County's Local Coastal Program. (Id. ¶ 31.) The Windelers timely appealed the Commission's decision to the County Board of Supervisors but were ultimately unsuccessful. (Id. ¶¶ 32-34.)

Plaintiffs allege that the denial of the Windeler's Application demonstrates that their property cannot be developed and that the County can never grant a variance that would allow development of their property. (Id. ¶ 35.) Plaintiffs allege that the Windelers have therefore been denied all economically viable use of their property. (Id.) Although Plaintiffs Joy Salerni, Jeff and Edna Schneider, Barbara and Kent Knight, and Bruce and Terri DePaola have not submitted their own applications, they contend that they, like the Windelers, have also been denied all economically viable use of their property. (Id.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted).  A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## III.   ANALYSIS

### A.   Fifth Amendment Takings Claim

Defendants move to dismiss Plaintiffs' regulatory takings claim on the grounds that Plaintiffs have no constitutionally protected property interest.  "The Takings Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation." Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001) (internal citation omitted).  "Because the Constitution protects rather than creates property

4

interests, the existence of a property interest" is the threshold question of any takings analysis, and it is "determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'" Phillips v. Wash. Legal Found., 524 U.S. 156, 164 (1998) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)).

The parties dispute the proper characterization of Plaintiffs' property interest with respect to the takings claim. Defendants contend that Plaintiffs assert a property interest solely in potential water use. If true, Plaintiffs' regulatory takings claim would fail because California does not recognize a protected interest in a water connection per se. See Gilbert v. State of California, 218 Cal. App. 3d 234, 250-52 (1990)). But that characterization is not dispositive where the plaintiffs also allege the state actor's regulatory actions deprived them of all economically viable use of their property. Id. at 252–53.

Here, Plaintiffs allege a property interest in the underlying value of their lots and their right to develop the lots consistent with existing zoning. FAC ¶ 47. The FAC alleges that Plaintiffs have been denied all economically viable use of their property as a result of Defendants' decision not to provide water or sewer service. Id. ¶¶ 35, 38. Where the government regulates the use of property, "compensation is required only if considerations such as the purpose of the regulation or the extent to which it deprives the owner of the economic use of the property suggest that the regulation has unfairly singled out the property owner to bear a burden that should be borne by the public as a whole." Yee v. City of Escondido, Cal., 503 U.S. 519, 523 (1992) (citing Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 130 (1978)). This analysis "necessarily entails complex factual assessments of the purposes and economic effects of government actions." Id.; see also Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir. 1990) ("[D]etermination of what constitutes an economically viable use of land requires a case-by-case factual analysis of the particular circumstances presented."). Accepting Plaintiffs' allegations as true, Plaintiffs have alleged a legally cognizable property interest.

### B. Substantive Due Process Claim

The Due Process Clause prohibits government officials from arbitrarily depriving a person of constitutionally protected property interests. See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1025–26 (9th Cir. 2007). "Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest." Lockary, 917 F.2d at 1155 (citing City of New Orleans v. Dukes, 427 U.S. 297, 303–04 (1976)). Plaintiffs allege Defendants' actions in processing Plaintiffs' applications were "arbitrary, capricious, unreasonable and pretextual, and part of a concerted effort to prevent legal lots from development . . . ." FAC ¶ 57. Plaintiffs further allege that Defendants use temporary water law authority to effectuate the goal of limiting growth and forcing Plaintiffs' lots to be preserved as open space without just compensation. Id. ¶ 58.

Though the alleged grounds for Defendants' conduct may be rationally related to a legitimate interest in controlling a water shortage, Plaintiffs' substantive due process claim survives dismissal at this stage of the proceedings because Plaintiffs adequately allege that Defendants' conduct was arbitrary and capricious. See Lockary, 917 F.2d at 1155–56.

### IV. CONCLUSION

Defendants' motions to dismiss for failure to state a claim are denied.

IT IS SO ORDERED.

Date: December 30, 2019

_____
Dale S. Fischer
United States District Judge

6