COUNTY OF SAN LUIS OBISPO
COUNTY COUNSEL
RITA L. NEAL, SBN 151156
JON ANSOLABEHERE, SBN 278174
Email: jansolabehere@co.slo.ca.us
1055 Monterey Street, Room D320
San Luis Obispo, CA 93408
Telephone: (805) 781-5400
Facsimile: (805) 781-4221

Attorneys for Defendant
COUNTY OF SAN LUIS OBISPO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL WINDELER, KAREN WINDELER, JOY SALERNI, JEFF SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT, BRUCE DEPAOLA, TERRI DEPAOLA,<br><br>Plaintiffs and Petitioners,<br><br>vs.<br><br>CAMBRIA COMMUNITY WATER DISTRICT, COUNTY OF SAN LUIS OBISPO,<br><br>Defendants and Respondents. | Case No. 2:19-cv-06325 DSF(JEMx)<br><br>**ANSWER OF DEFENDANT COUNTY OF SAN LUIS OBISPO TO COMPLAINT**<br><br>Assigned to: Honorable Judge Dale S. Fischer<br><br>*Complaint Filed: July 24, 2019* |

Defendant and Respondent County of San Luis Obispo ("County") hereby answers Plaintiffs' Complaint in the above entitled action as follows:

1. County denies each and every allegation not specifically admitted to.

2. Answering paragraph 1, sentences one and two, of the Complaint, the County avers that it contains no material allegations of fact requiring a response. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in those two sentences. Regarding the rest of paragraph 1, the

County denies, generally and specifically, each and every allegation set forth in the rest of that paragraph.

## PARTIES

3. Answering paragraph 2 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and citizenry of Plaintiffs Michael and Karen Windeler and, on that basis, denies such allegations.

4. Answering paragraph 3 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and citizenry of Plaintiff Joy Salerni and, on that basis, denies such allegations.

5. Answering paragraph 4 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and citizenry of Plaintiffs Jeff and Edna Schneider and, on that basis, denies such allegations.

6. Answering paragraph 5 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and citizenry of Plaintiffs Barbara and Kent Knight and, on that basis, denies such allegations.

7. Answering paragraph 6 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and citizenry of Plaintiffs Bruce and Terri DePaola and, on that basis, denies such allegations.

8. Answering paragraph 7 of the Complaint, County denies that it is an incorporated municipal corporation located within the State of California. Although not alleged in the Complaint, County does, however, admit that it is a political subdivision of the State of California.

9. Answering paragraph 8 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and

corporate status of Defendant Cambria Community Services District ("District") and, on that basis, denies such allegations.

10. Answering paragraph 9 of the Complaint, the County avers that it contains no material allegations of fact requiring a response. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

11. Answering paragraph 10 of the Complaint, the County avers that it contains no material allegations of fact requiring a response. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

## JURISDICTION AND VENUE

12. Answering paragraph 11 of the Complaint, the County states that the allegations contained therein constitute legal contentions for which no response is required. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

13. Answering paragraph 12 of the Complaint, the County admits that Defendant County is located within the Central District of California, and that the action arises out of events in San Luis Obispo County, California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Answering paragraph 13 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

15. Answering paragraph 14 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

16. Answering paragraph 15 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

17. Answering paragraph 16 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

18. Answering paragraph 17 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

19. Answering paragraph 18 of the Complaint, the County admits that the Cambria Community Services District was formed on December 9, 1976. As to any other allegations in said paragraph, the County lacks information and belief sufficient to enable it to admit or deny and, on that basis, denies the allegations.

20. Answering paragraph 19 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

21. Answering paragraph 20, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

22. Answering paragraph 21 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

23. Answering paragraph 22 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

24. Answering paragraph 23 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

25. Answering paragraph 24 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

//

26. Answering paragraph 25 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

27. Answering paragraph 26 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

28. Answering paragraph 27 of the Complaint, the County admits that it received an application from Plaintiff Windelers for a land use permit with the County which was subsequently returned because it did not include written verification of water and sewer service from the Cambria Community Services District in accordance with Community Wide Planning Area Standard B.8 of the County's North Coast Area Plan. Except as expressly admitted, the County denies, generally and specifically, each and every other allegation as set forth in said paragraph.

29. Answering paragraph 28 of the Complaint, the County admits that it received a development application for a variance/coastal development permit from Plaintiff Windelers on or about April 24, 2017. As to the remaining allegations, the County denies, generally and specifically, each and every other allegation as set forth in said paragraph.

30. Answering sentences one and two of paragraph 29 of the Complaint, the County admits Community Wide Planning Standard 8 of the North Coast Area Plan requires written verification of water and sewer service from the Cambria Community Services District before the County can accept an application for a land use or building permit for properties located within the urban reserve line in the community of Cambria. As to the remaining allegation in paragraph 29 of the Complaint, the County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

31. Answering paragraph 30 of the Complaint, the County admits that a hearing on Plaintiff Windelers' development application went to the County's Planning

Commission on July 13, 2017, not August 24, 2017 as alleged. The County further admits that in considering Plaintiff Windelers' application, the Planning Commission considers, amongst other things, the findings for a variance request per San Luis Obispo County Code section 23.01.045, not section 22.62.070(D)(1) as alleged. As to the remaining allegations, the County denies generally and specifically, each and every other allegation as set forth in said paragraph.

32. Answering paragraph 31 of the Complaint, the County admits that the County's Planning Commission denied Plaintiff Windelers' development application and the basis for the denial is set forth in the administrative record, which speaks for itself. Except as expressly admitted, the County denies, generally and specifically, each and every other allegation as set forth in said paragraph.

33. Answering paragraph 32 of the Complaint, the County admits that Plaintiff Windelers timely filed an appeal of the Planning Commission's decision on their variance request. Except as expressly admitted, the County denies, generally and specifically, each and every other allegation as set forth in said paragraph.

34. Answering paragraph 33 of the Complaint, the County admits that an appeal hearing took place in front of the County Board of Supervisors on October 17, 2017. As to the remaining allegations, the County denies, generally and specifically, each and every other allegation as set forth in said paragraph.

35. Answering paragraph 34, the County admits that the Board of Supervisors denied Plaintiff Windelers' appeal. With respect to allegations related to the County's decision, County responds that County Resolution No. 2017-265 speaks for itself. As to the remaining allegations, except as expressly admitted, denies, generally and specifically, each and every other allegation as set forth in said paragraph.

36. Answering paragraph 35 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

37. Answering paragraph 36 of the Complaint, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

38. Answering paragraph 37 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

39. Answering paragraph 38 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

40. Answering paragraph 39 of the Complaint, County lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

41. Answering paragraph 40 of the Complaint, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

42. Answering paragraph 41 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

43. Answering paragraph 42 of the Complaint, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

44. Answering paragraph 43 of the Complaint, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

## FIRST CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Violation of Civil Rights Under Title 42 United States Code Section 1983 and the Fifth Amendment for Regulatory Taking of Property)**

45. Answering paragraph 44 of the Complaint, County incorporates by reference its response to Paragraphs 1 through 44, inclusive, as though fully set forth herein.

//

46. Answering paragraph 45 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

47. Answering paragraph 46 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

48. Answering paragraph 47 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

49. Answering paragraph 48 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

50. Answering paragraph 49 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

51. Answering paragraph 50 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

52. Answering paragraph 51 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

53. Answering paragraph 52 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

54. Answering paragraph 53 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

55. Answering paragraph 54 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

56. Answering paragraph 55 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

**SECOND CAUSE OF ACTION**

**(By Windelers Against All Defendants for Violation of Civil Rights Under Title 42 United States Code Section 1983, the Denial of Substantive Due Process Clause of the United States Constitution)**

57. Answering paragraph 56 of the Complaint, County incorporates by reference its response to Paragraphs 1 through 44, inclusive, as though fully set forth herein.

58. Answering paragraph 57 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

59. Answering paragraph 58 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal

argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

60.   Answering paragraph 59 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph

61.   Answering paragraph 60 of the Complaint, the County avers that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the County denies, generally and specifically, each and every allegation set forth in said paragraph.

62.   Answering paragraphs 1 through 4 in Plaintiffs' prayer for relief, County states that the prayer for relief requires no response.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below in these Affirmative Defenses, County does not thereby contend or admit that it has the burden of proof with respect to any of said matters, or that Plaintiff has stated any cause of action against County. County alleges separate and affirmative defenses as follows:

1. The Complaint and each cause of action therein do not state facts sufficient to constitute a cause of action against the County.
2. The Complaint and the causes of action therein should be denied because they are moot or not ripe for adjudication.
3. The Plaintiffs lack standing to bring or maintain this action.
4. The Complaint and each cause of action therein is barred by the applicable statutes of limitations.
5. The Complaint and each cause of action therein is barred by the doctrine of laches.
6. Plaintiffs have failed to exhaust their administrative remedies.

//

7. Plaintiffs have waived the claims and matters set forth in the Complaint and each cause of action alleged therein.

8. In all matters alleged in the Complaint, the County proceeded in the manner required by law, acted on the basis of substantial evidence, took no arbitrary or capricious action, and committed no prejudicial abuse of discretion.

9. Plaintiffs are disqualified from an award of attorney's fees pursuant to California Code of Civil Procedure section 1021.5 or any other provision of law, because they have a substantial private interest in this proceeding.

10. Plaintiffs' claims as set forth in the Complaint, and each and every cause of action therein, are barred by the doctrine of unclean hands.

11. Defendant County reserves the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable.

## PRAYER

WHEREFORE, Defendant County pray that:

1. The Complaint and the causes of action be denied with prejudice.
2. Plaintiffs take nothing by their Complaint;
3. Judgment be entered in favor of Defendant County and against Plaintiffs;
4. Defendant County be awarded costs of suit; and
5. The Court award such other relief as it considers proper.

DATED: January 10, 2020

RITA L. NEAL
County Counsel

By: _____
JON ANSOLABEHERE
Chief Deputy County Counsel
Attorneys for Defendant County of San Luis Obispo

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               )  ss.
COUNTY OF SAN LUIS OBISPO      )

I am employed in the County of San Luis Obispo, California; I am over the age of 18 years, and not a party to the within action; my business address is County Government Center, Room D320, San Luis Obispo, CA 93408.

On January 10, 2020, I served a true copy of this declaration and the following described document(s):

**ANSWER OF DEFENDANT COUNTY OF SAN LUIS OBISPO TO COMPLAINT**

**In re: Michael Windeler, et al. v. Cambria Community Water District, et al.
2:19-cv-06325 DSF(JEMx)**

on the party or parties listed below:

| Attorney for Plaintiffs | Attorney for Defendant Cambria Community Services District |
|---|---|
| Gregory B. Beam<br>Mark D. Alpert<br>GREGORY BEAM & ASSOCIATES, INC.<br>23113 Plaza Pointe Drive, Suite 100<br>Laguna Hills, CA 92653<br>malpert@beamlaw.net | Michael M. McMahon<br>CARMEL & NACCASHA<br>1908 Spring Street<br>Paso Robles, CA 93446<br>mmcmahon@carnaclaw.com |

[X]  **By United States mail.**  I enclosed a true copy of the documents in a sealed envelope addressed to each of the persons as indicated above, and then placed the envelope for collection and mailing where it would be deposited with the United States Postal Service with postage fully prepaid on the same day, following my employer's business practice with which I am readily familiar.

[X]  **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 10, 2020, at San Luis Obispo, California.

*Rebecca Forcier* (signature)
Rebecca R. Forcier, Legal Clerk to
Jon Ansolabehere, Chief Deputy County Counsel

67rrfpld