1  Timothy J. Carmel, SBN 122695
2  Michael M. McMahon, SBN 157556
   CARMEL & NACCASHA, LLP
3  1908 Spring Street
   Paso Robles, California 93446
   Tel.: (805) 226-4148
4  Fax: (805) 226-4147
   Email: mcmahon@carnaclaw.com
5
6  Attorneys for Defendant
   Cambria Community Services District
7  (served herein as Cambria Community Water District)
8
9               UNITED STATES DISTRICT COURT
10         FOR THE CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION

| 12  MICHAEL WINDELER, KAREN | Case No. 2:19-cv-06325-DSF(JEMx) |
|---|---|
| 13  WINDELER, JOY SALEMI, JEFF SCHNEIDER, EDNA SCHNEIDER, | **ANSWER OF DEFENDANT CAMBRIA** |
| 14  BARBARA KNIGHT, KENT KNIGHT, BRUCE DEPAOLA, | **COMMUNITY WATER DISTRICT TO** |
|     TERRI DEPAOLA, | **COMPLAINT** |
| 15 | |
| 16        Plaintiffs and Petitioners, | Assigned to: Honorable Dale S. Fischer |
| 17  vs. | |
| 18  CAMBRIA COMMUNITY WATER DISTRICT, COUNTY OF SAN | *Complaint Filed: July 24, 2019* |
| 19  LUIS OBISPO, | |
| 20        Defendants and Respondents. | |

21       Defendant and Respondent Cambria Community Water District ("District")

22  hereby answers Plaintiff's Complaint in the above entitled action as follows:

23       1.    In response to Paragraph 1 , the District responds that sentences one and

24  two contain no material allegations of fact requiring a response. District denies,

25  generally and specifically, each and every remaining allegation set forth in Paragraph

26  1.

27

28

---

**PARTIES**

2.    In response to Paragraph 2, District lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and residence of Plaintiffs Michael and Karen Windeler and, on that basis, denies such allegations.

3.    In response to Paragraph 3, District lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and residence of Plaintiff Joy Salerni and, on that basis, denies such allegations.

4.    In response to Paragraph 4, District lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and residence of Plaintiffs Jeff and Edna Schneider and, on that basis, denies such allegations.

5.    In response to Paragraph 5, District lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and residence of Plaintiffs Barbara and Kent Knight and, on that basis, denies such allegations.

6.    In response to Paragraph 6, District lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and residence of Plaintiffs Bruce and Terri DePaola and, on that basis, denies such allegations.

7.    In response to Paragraph 7, District lacks information and belief sufficient to enable it to admit or deny the allegations relating to the identity and corporate status of Defendant County of San Luis Obispo ("County") and, on that basis, denies such allegations.

8.    In response to Paragraph 8, District admits it is a special district organized and existing under the laws of the State of California.

9.    In response to Paragraph 9, the District responds that it contains no material allegations of fact requiring a response. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

10.   In response to Paragraph 10, the District responds that it contains no material allegations of fact requiring a response. To the extent it is found otherwise,

the District denies, generally and specifically, each and every allegation set forth in said paragraph.

## JURISDICTION AND VENUE

11.  In response to Paragraph 11, the District states that the allegations contained therein constitute legal contentions for which no response is required. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in this paragraph.

12.  In response to Paragraph 12, the District admits that Defendant District is located within the Central District of California, and that the action arises out of events in San Luis Obispo County, California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.  In response to Paragraph 13, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

14.  In response to Paragraph 14, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

15.  In response to Paragraph 15, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

16.  In response to Paragraph 16, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

17.  In response to Paragraph 17, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

18.  In response to Paragraph 18, the District admits that the Cambria Community Services District was formed on December 9, 1976. As to any other

allegations in said paragraph the District lacks information and belief sufficient to enable it to admit or deny the rest of the allegations in that paragraph and, on that basis, denies the allegations.

19.   In response to Paragraph 19, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

20.   In response to Paragraph 20, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

21.   In response to Paragraph 21, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

22.   In response to Paragraph 22, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

23.   In response to Paragraph 23, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

24.   In response to Paragraph 24, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

25.   In response to Paragraph 25, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

26.   In response to Paragraph 26, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

ANSWER TO COMPLAINT

27.   In response to Paragraph 27, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

28.   In response to Paragraph 28, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

29.   In response to Paragraph 29, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

30.   In response to Paragraph 30, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

31.   In response to Paragraph 31, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

32.   In response to Paragraph 32, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

33.   In response to Paragraph 33, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

34.   In response to Paragraph 34, the District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

35.   In response to Paragraph 35, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

36.   In response to Paragraph 36, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

37.   In response to Paragraph 37, District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

38.   In response to Paragraph 38, District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

39.   In response to Paragraph 39, District lacks information and belief sufficient to enable it to admit or deny the allegations in that paragraph and, on that basis, denies the allegations.

40.   In response to Paragraph 40, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

41.   In response to Paragraph 41, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

42.   In response to Paragraph 42, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

43.   In response to Paragraph 43, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

# FIRST CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Violation of Civil Rights under 42 U.S.C. § 1983 and the Fifth Amendment for Regulatory Taking of Property)**

44.   In response to Paragraph 44, District incorporates by reference its response to Paragraphs 1 through 44, inclusive, as though fully set forth herein.

45.   In response to Paragraph 45, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal

argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

46.   In response to Paragraph 46, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

47.   In response to Paragraph 47, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

48.   In response to Paragraph 48, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

49.   In response to Paragraph 49, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

50.   In response to Paragraph 50, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

51.   In response to Paragraph 51, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

52.   In response to Paragraph 52, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal

argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

53.   In response to Paragraph 53, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

54.   In response to Paragraph 54, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

55.   In response to Paragraph 55, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

## SECOND CAUSE OF ACTION

**(By Windelers Against All Defendants for Violation of Civil Rights under 42 U.S.C. § 1983, the Denial of Substantive Due Process Clause of the United States Constitution)**

56.   In response to Paragraph 56, District incorporates by reference its response to Paragraphs 1 through 44, inclusive, as though fully set forth herein.

57.   In response to Paragraph 57, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

58.   In response to Paragraph 58, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

59.  In response to Paragraph 59, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph

60.  In response to Paragraph 60, the District responds that it contains no material allegations of fact requiring a response as the allegations are purely legal argument. To the extent it is found otherwise, the District denies, generally and specifically, each and every allegation set forth in said paragraph.

61.  In response to Paragraphs 1 through 4 in Plaintiffs' prayer for relief, District states that the prayer for relief requires no response.

### AFFIRMATIVE DEFENSES

By alleging the matters set forth below in these Affirmative Defenses, District does not thereby contend or admit that it has the burden of proof with respect to any of said matters, or that Plaintiff has stated any cause of action against District. District allege separate and affirmative defenses as follows:

62.  The Complaint and each cause of action therein do not state facts sufficient to constitute a cause of action against the District.

63.  The Complaint and the causes of action therein should be denied because they are moot or not ripe for adjudication.

64.  The Plaintiffs lack standing to bring or maintain this action.

65.  The Complaint and each cause of action therein is barred by the applicable statutes of limitations.

66.  The Complaint and each cause of action therein is barred by the doctrine of laches.

67.  Plaintiffs have failed to exhaust their administrative remedies.

68.  Plaintiffs have waived the claims and matters set forth in the Complaint and each cause of action alleged therein.

69.   In all matters alleged in the Complaint, the District proceeded in the manner required by law, acted on the basis of substantial evidence, took no arbitrary or capricious action, and committed no prejudicial abuse of discretion.

70.   Plaintiffs are disqualified from an award of attorney's fees pursuant to California Code of Civil Procedure § 1021.5 or any other provision of law, because they have a substantial private interest in this proceeding.

71.   Plaintiffs' claims set forth in the Complaint and each and every cause of action therein are barred by the doctrine of unclean hands.

72.   Defendant District reserves the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable.

## PRAYER

WHEREFORE, Defendant District pray that:

1.   The Complaint and the causes of action be denied with prejudice.

2.   Plaintiffs take nothing by its Complaint;

3.   Judgment be entered in favor of Defendant District and against Plaintiffs;

4.   Defendant District be awarded costs of suit; and

5.   The Court award such other relief as it considers proper.


Dated: January 10, 2020                    CARMEL & NACCASHA LLP


                                           By: /s/ Michael M. McMahon
                                               Michael M. McMahon
                                               Attorneys for Defendant
                                               Cambria Community Services District

1
2

# <u>VERIFICATION</u>

3
4
5
6
7

      I, John F. Weigold, IV, am the General Manager of the Cambria Community Services District, the defendant in the foregoing action.  I have read the foregoing **ANSWER OF DEFENDANT CAMBRIA COMMUNITY WATER DISTRICT TO COMPLAINT**, and know the contents thereof to be true.  As to those matters stated on information and belief, I believe them to be true.

8
9

      I declare under penalty of perjury that the foregoing is true and correct.

Dated:   January  10 , 2020

10
11

                     _____

                     John F. Weigold, IV

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF SAN LUIS OBISPO

     I am employed in the County of San Luis Obispo, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1908 Spring Street, Paso Robles, California, 93446.

On ~~January 13, 2020~~ I served the foregoing document described as **ANSWER OF DEFENDANT CAMBRIA COMMUNITY WATER DISTRICT TO COMPLAINT** on the interested parties in this action as follows:

| ***Attorney for Plaintiffs***: | ***Attorney for  Defendant, County of San Luis Obispo***: |
|---|---|
| Gregory B. Beam | Jon Ansolabehere |
| Mark D. Alpert | Chief Deputy County Counsel |
| Gregory Beam & Associates, Inc. | County of San Luis Obispo |
| 23113 Plaza Pointe Drive, Suite 100 | 1055 Monterey Street |
| Laguna Hills, CA 92653 | San Luis Obispo, CA 93408 |
| Tel. (949) 598-5800 | Tel: (805) 781-5400 |
| Fax: (949) 598-5815 | Fax: (805) 781-4221 |
| gbeam@beamlaw.net | jansolabehere@co.slo.ca.us |
| malpert@beamlaw.net | |

(X)    BY ELECTRONIC TRANSMISSION:  I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

     I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on ~~January 13, 2020~~ at Paso Robles, California.
January 13, 2020

     /s/ Lisa M. Perez
Lisa M. Perez