1  Gregory B. Beam (SBN 102443)
   Mark D. Alpert (SBN: 138152)
2  GREGORY BEAM & ASSOCIATES, INC.
   23113 Plaza Pointe Drive, Suite 100
3  Laguna Hills, CA  92653
   (949) 598-5800
4  malpert@beamlaw.net

5  Attorneys for Plaintiffs,
   Michael Windeler, Karen Windeler, Joy Salerni,
6  Jeff Schneider, Edna Schneider, Barbara Knight,
   Kent Knight, Bruce DePaola, Terri DePaola
7

8              UNITED STATES DISTRICT COURT OF CALIFORNIA

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 MICHAEL WINDELER, KAREN           )   Case No. 2:19-cv-06325-DSF(JEMx)
   WINDELER, JOY SALERNI, JEFF       )
12 SCHNEIDER, EDNA SCHNEIDER,        )
   BARBARA KNIGHT, KENT              )
13 KNIGHT, BRUCE DEPAOLA,            )   AMENDED JOINT REPORT OF
   TERRI DEPAOLA,                    )   EARLY MEETING
14                                   )
          Plaintiffs and Petitioners, )   [FRCP RULE 26(b); CD-LR 26-1]
15                                   )
   vs.                               )
16                                   )   Date:      March 16, 2020
   CAMBRIA COMMUNITY                 )   Time:      11:00 a.m.
17 SERVICES DISTRICT;                )   Location:  Courtroom 7D
   COUNTY OF SAN LUIS OBISPO,        )              First Street Courthouse
18                                   )              350 West 1st Street
          Defendants and Respondents. )            Los Angeles, CA
19                                   )
                                     )   Assigned to
20                                   )   Honorable Judge Dale S. Fischer
                                     )
21                                   )   Complaint filed:  July 24, 2019
                                     )
22 _____   )

23

24       Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule

25 26-1, and this Court's Standing Order, the parties to this action, Plaintiffs

26 MICHAEL WINDELER, KAREN WINDELER, JOY SALERNI, JEFF

27 SCHNEIDER, EDNA SCHNEIDER, BARBARA KNIGHT, KENT KNIGHT,

28 BRUCE DEPAOLA, TERRI DEPAOLA, and Defendants, CAMBRIA

                                    - 1 -

COMMUNITY SERVICES DISTRICT, COUNTY OF SAN LUIS OBISPO hereby submit this Joint Report of Early Meeting.

a.   Statement of the case:

Plaintiffs (or their predecessors purchased five legal lots which are zoned to allow the development of single family homes in an unincorporated area of San Luis Obispo County (Defendant "County'') known as Cambria, from the 1940s to 1989. Plaintiffs claim the lots were all purchased for a fair market value reflecting the reasonable expectation that they could be developed with single family homes. The lots are located within Defendant Cambria Community Services District's ("District") service area. Plaintiffs claim that they were specially assessed to finance the construction and maintenance of the District's sewer and water systems.

Prior to this action being filed, Plaintiffs sought to obtain water and sewer service from the District or secure a place on a waiting list for water or sewer service, but such applications were refused or rejected. Plaintiffs claim District's response was that "at this time" it was not accepting applications for service to Plaintiffs as recently as November 2017.  Plaintiffs submitted applications for a minor use permit for development of single-family homes.  The applications were returned unprocessed (and thereby rejected) because they were not accompanied by written verification of water and sewer service from the District.   In addition, in April, 2017, the owners of one of the subject lots (the Windelers) submitted a development application along with a variance request to the County, seeking a variance from all requirements that would bar development without verification of water or sewer service from the District.  The Application proposed development with any combination of services that would be acceptable to the County, including ground water, an onsite well, or trucked in water. The Application was denied by the County. The findings included the finding that granting the Variance would be inconsistent with growth limitations adopted by County and District, including a

1  "Buildout Reduction Plan" ("BRP") adopted by the District which called for
2  eliminating 1831  previously approved lots.

3         Plaintiffs contend that there is existing, available sewer capacity to serve their
4  lots.  Plaintiffs requested an explanation as to why the District could not provide
5  sewer service, but are unaware of any stated justification.   Plaintiffs contend that the
6  decision to deny sewer access has no justification, other than the prevention of
7  development.

8         In sum, Plaintiffs allege that the County and District have made the political
9  decision to stop growth, but are unwilling to compensate the lot owners for the
10 taking of their property, so they have purposefully maintained a water "emergency"
11 for decades and refused to allow development except through District water which
12 will never become available by choice and District sewers which they refuse to
13 make available, despite the fact that hundreds of lot owners, including plaintiffs,
14 paid for the development of the water and sewer system.

15        County asserts that its Planning Area Standards and its requirement that in
16 order to develop property within the town of Cambria, the property owner must
17 provide verification of water and sewer service by District, are based on legitimate
18 government interests directly related to health and safety and that plaintiffs, or their
19 property, have not been unfairly singled out to bear a burden that should be borne by
20 the public as a whole. Defendants contend Development within the town of Cambria
21 is dependent on a public water system and the growth limitations in Title 26 are
22 based on water availability within the Cambria area. County asserts that is has not
23 acted arbitrarily, capriciously, unreasonably or pretextually.

24        The District contends Cambria is and has been in a Water Emergency since
25 2001.  The District contends its entire water supply comes from wells located on two
26 creeks, San Simeon Creek to the North of town, and Santa Rosa Creek, which runs
27 through Cambria. The District owns three wells on San Simeon Creek from which
28 the majority of the town's water is drawn. It also owns three wells in the Santa Rosa

- 3 -

Creek basin: two potable and one non-potable. Since rainfall in Cambria is strictly seasonal, and no rain generally falls from May through October, water storage is a critical issue. The District is permitted by the State to withdraw a specific amount of water from the creeks. This is contingent upon maintaining wetland habitats in the creek for certain endangered species. The District declared a Water Code Section 350 emergency shortage in 2001 and put a moratorium on new connections to the water system. To date, the Water Code Section 350 declaration has not been lifted. The District contends it does not have enough water to meet current needs and Cambria residents and businesses have dealt with severe cutbacks in water use. Additionally, District contends the California Coastal Commission recently found a substantial issue in the County's approval of a Coastal Development Permit for construction of a 4,000 square foot residence in Cambria, finding insufficient water to support even existing development.

     b.   *Subject matter jurisdiction*:  Subject matter jurisdiction is a federal question. [28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983]

     c.   *Legal issues:*

          i)    Is there a per se taking of the Plaintiffs' real property by the denial of economically viable use?

          ii)   Alternatively, is there a taking of Plaintiffs' real property under the ad hoc balancing of factors set forth in Penn Central Trans. Co. v. New York (1978) 438 U.S. 104, 124b including but not limited to (1) the economic impact on the property, (2) the character of government action, and (3) the interference with investment-backed expectations of the property owner.

          iii)  Is there a taking of property caused by the denial of the benefits of a special assessments paid by Plaintiffs for water and/or sewer service?

- 4 -

iv)  Have the Defendants denied the Substantive Due Process Rights of Plaintiffs in Processing their applications for utility service and development??

*Contemplated procedural issues/concerns:*

v)  As set forth below, Plaintiffs will seek leave to amend to add numerous additional plaintiffs.  In addition, Plaintiffs anticipate new counsel will be seeking to substitute into the case.

d.  *Parties, evidence, etc.:*

Plaintiffs' percipient witnesses:  Plaintiffs, other Defendant witnesses Airlin Singewald (County) and other County and District witnesses to be identified in discovery.

Defendant County of San Luis Obispo's witnesses: Airlin Singewald, County Planner, Ellen Carroll, former Interim Deputy Director of Planning and Building (ret.), Jo Manson, County Planner (ret.), Trevor Keith, Director of Planning and Building, Robert Fitzroy, Deputy Director of Planning and Building; Courtney Howard,  County Public Works Water Resources Division Manager.[1]

Defendant Cambria Community Service District witnesses include District Engineer Bob Gresens (retired); District Management Analyst Melissa Bland; former District Manager Jerry Gruber; former District Manager; former District Manager Vern Hamilton; former Board President Greg Sanders; Ken Topping; Bob Hamilton; former District Manager Brian Bode; former District Counsel Art Montandon; Coastal Commission Senior Environmental Scientist Tom Luster.

Plaintiffs' Key documents:

Grant deeds, quit claims, probate records, property profiles, closing statements and other documents showing title and method of acquisition of property by plaintiffs (and their predecessors in interest), including the price paid, and relating to their

---

[1] The County of San Luis Obispo reserves the right to disclose any further witnesses that it may use in support of its defense.

understanding of utility service at the time of acquisition. Plaintiffs' applications for utility service or development and County and District documents showing action or inaction on Plaintiffs' applications for utility service and/or development, Plaintiff Windeler Variance application and documents relating to the County and District's processing and action on same;  Portions of the Local Coastal Plan ("LCP") and documents relating to processing the LCP,  the District's Buildout Reduction Plan ("BRP") and documents related to adoption and enforcement of the BRP;  Documents Relating To District Wait List, Documents Relating to the Sale and Purchase of Lots and Utility Service availability in Cambria,  Documents relating to the physical availability and feasibility of providing sewer and/or water service to Plaintiffs' lots;  Documents consisting of or relating to assessments and payments relating to the construction, improvement or maintenance of water and/or sewer services including Board of Supervisor's resolutions and Joint Powers Authority Agreements for construction of the sewer systems; Excerpts of Boyle Engineering report regarding development of the sewer system,  Documents consisting of or relating to prior efforts to obtain water to serve residential lots by the District and County and/or the decision to pursue or not pursue such water;  Documents relating to the County or District's efforts to retire or acquire undeveloped lots; including efforts, if any, to compensate the lot owners;  BOS Resolution of Intent to construct and finance phase 2 of the sewer system; the Engineer's report re: construction; Notice to the Property Owners regarding pending assessment; Records of Assessments by the County relating to construction and maintenance of sewer and water systems; District Ordinance 3-86, various County and District Resolutions relating to water and sewer service, including District Res. 10-89, 8-90, 13-91, 11-92, 20-93, 21-94, 11-96, 11=98, 20-2003;   District Board Minutes from November 1990, May 1991, BOS Resolutions 76-335, 76-486; Property tax bills for Plaintiffs' properties; Findings adopted for Davis-Grunsky loan application for construction of

water improvements; Coastal Commission approval conditions for CDP 132-18;
Coastal Commission approval conditions for CDP 482-10; District Ordinance 3-86.

County of San Luis Obispo's Key Documents:[2]

North Coast Area Plan; Public Works LCP Policy No. 1 – Availability of Service
Capacity; Titles 19, 22 and 26 of the San Luis Obispo County Code; Ordinance Nos.
2477, 2506, 2743, 2867, 2889, 2895, 2905, 2932, 2946, 2955, 2957A, 2989, 3005,
3017, 3019, 3029, 3066, 3091, 3155, 3178, 3194, 3213, 3227, 3241, 3260, 3298,
3321, 3348, 3368, and 3389 and related administrative records; 2005 Resource
Management System (RMS) Annual Report approved by the Board of Supervisors
on December 20, 2005; the County 2008 Resource Management System (RMS)
Annual Report approved by the Board of Supervisors on February 10, 2009; the
2009-2010 Resource Management System (RMS) Resource Summary Report
approved by the Board of Supervisors on April 26, 2011; the 2010-2012 Resource
Summary Report approved by the Board of Supervisors on March 12, 2013; the
2012-2014 Resource Summary Report approved by the Board of Supervisors on
May 5, 2015; and the 2014-2016 Biennial Summary Report of the Resource
Management System approved by the Board of Supervisors on May 16, 2017;
Cambria Community Services District Emergency Permit DRC2013-001112 for the
Cambria Emergency Water Supply Project and related administrative record
including documents related to grant funding and annual reports submitted by the
CSD to the County; Cambria Community Services District Emergency Permit
ZON2014-00693 related to the removal of hazardous trees; September 2015
Amended Final Technical Memorandum entitled Percolation Zone Study of Pilot-
Study Groundwater Basins in San Luis Obispo County, California, prepared by
Stillwater Sciences for the Upper Salinas-Las Tablas RCD; March 17, 2015 San
Luis Obispo County Grand Jury Report entitled "IN A STATE OF

---

[2] The County of San Luis Obispo hereby reserves the right to disclose any further documents that it may use in support of its defense.

1  EMERGENCY?ASSESSING FIRE RISK IN CAMBRIA;" Staff report and
2  attachments related to October 17, 2017 hearing on Plaintiff Windeler's Variance
3  request (DRC-2016-001111); Documents related to Proposition 84 grant funds and
4  the Cambria CSD Emergency Water Supply project; Coastal Development Permit
5  Nos. DRC 2019-00093,; Urban Water Management Plans and related Appendices;
6  Cambria Community Services District Water Master Plan and FEIR; Cambria Water
7  Supply Alternatives Engineering Technical Memorandum prepared November 27,
8  2013 by CDM Smith.

9      In addition to the documents identified by the County, Cambria Community
10 Services District designates the following Key Documents:  Water Master Plan and
11 EIR for same; 2000 Urban Water Management Plan and all subsequent updates;
12 Local Coastal Plan and underlying documents; Army Corps of Engineers reports
13 regarding the water condition and project alternatives; All the documents that were
14 relied upon in justifying the SWF (your help in identifying these specifically would
15 be great); SWF SEIR; Coastal Commission staff reports for various projects that
16 have been appealed over the years (and some of the underlying documents
17 referenced therein);  2015 Groundwater Management Plan and earlier Groundwater
18 Management Plans;

19      e.    *Damages*:

20          Plaintiffs' damages consist of the following:

21          i)      For denial of water and sewer service roughly $250,000 to
22                  $300,000 per lot; or

23          ii)     For denial of development of lots roughly $150,000 to $400,000
24                  per lot;

25          iii)    For unnecessary legal fees and processing costs, roughly
26                  $50,000;

27          iv)     Prejudgment Interest (amount cannot be estimated at this time)

28

- 8 -

f.   *Insurance: whether there is insurance coverage, the extent of*
     *coverage, and whether there is a reservation of rights.*

None.

g.   *Motions:*

Plaintiffs intend to file a motion to amend to add numerous additional plaintiffs. Defendants County of San Luis Obispo and Cambria Community Services District intend to file a Motion for Summary Judgment after discovery is complete.

h.   *Manual for Complex Litigation: whether all or part of the procedures*
     *of the Manual for Complex Litigation should be utilized.*

The manual need not be utilized in the current configuration of the case.  However, in the event that leave to amend is granted and a large number of plaintiffs are added, the Court and parties may wish to  re-visit the issue, along with all of the relevant deadlines suggested by this report.

i.   *Status of Discovery: a discussion of the present state of discovery,*
     *including a summary of completed discovery.*

j.   *Discovery Plan:*

Based on the current configuration of parties, Plaintiffs plan to submit all forms of written discovery to Defendants, to be completed no later July 31, 2020; Plaintiffs plan to undertake PMK deposition(s) of the District regarding

(1)  District "processing" of water and sewer service applications;

(2)  Availability and feasibility of providing water and sewer service to all undeveloped legal lots in Cambria, the District's plans and efforts to obtain additional sources of water and/or additional sewer capacity;

(3)  (If necessary after written discovery) The collection and payment to District (and its predecessor in interest) of special assessments or any other by lot owners relating to water or sewer service;

JOINT REPORT OF EARLY MEETING

k.    *Discovery cut−off*:

In current case configuration, September 1, 2020.  If numerous additional plaintiffs are added, it may be too early to set a date, but the parties would suggest a date around July 1, 2021.

l.    *Expert discovery*:

Initial expert disclosures: November 15, 2020 (In current configuration):

Rebuttal expert witness disclosures: November 13, 2020 (In current configuration):

m.    *Dispositive motions*:

Plaintiffs or Defendants may seek motion for summary adjudication. Dispositive motions to be brought no later than October 15, 2021 (In current configuration).:

n.    *Settlement/Alternative Dispute Resolution (ADR)*:

The parties agree that it is premature to order ADR in this case and that to the extent any ADR is ordered, it should be after dispositive motions have been ruled upon by the Court.

o.    Trial estimate:

Under current case configuration, the parties estimate a 21 day jury trial.   Plaintiffs estimate they will call 9-10 witnesses.  Defendant County of San Luis Obispo estimates it will call 5-7 witnesses.  Defendant Cambria Community Services District estimates it will call 8-10 witnesses.

p.    *Trial counsel: the name(s) of the attorney(s) who will try the case.*
For Plaintiffs: Currently Mark D. Alpert.  However, a motion to substitute counsel is anticipated to be filed (if not already filed) on behalf of new counsel who will serve as trial counsel, Craig Collins and Timothy Kassouni.   For Defendant County of San Luis Obispo, Jon Ansolabehere. Defendant County of San Luis Obispo anticipates associating additional counsel who will try the case.  Defendant Cambria Community Serviced District anticipates associating additional counsel who will try the case.

JOINT REPORT OF EARLY MEETING

1     q.   <u>Independent Expert or Master</u>: No independent master is necessary at

2 this point.  The Parties and Court may wish to reconsider this issue in the event leave

3 to amend is granted, adding numerous additional Plaintiffs.

4     r.   <u>Timetable</u>:

5     The attached schedule is based on the current state of pleadings and parties.

6 In the event leave to amend is granted to add numerous additional plaintiffs, it may

7 be premature to set a trial date, but the relevant deadlines should be extended by

8 roughly six to nine months.

9     s.   <u>Other issues</u>:

10 Dated:  March 9, 2020            GREGORY BEAM & ASSOCIATES, INC.

11

12                      By: _____ /s/ Mark D. Alpert _____

13                         Mark D. Alpert
                         Attorneys for Plaintiffs and Petitioners

14

15 Dated:  March 9, 2020            CARMEL & NACCASHA LLP

16

17                      By: _____ /s/ Michael M. McMahon _____
                         Attorneys for Defendant Cambria

18                         Community Services District

19

20 Dated:  March 9, 2020            RITA L. NEAL
                         County Counsel

21

22                      By: _____ /s/ Jon Ansolabehere _____

23                         Chief Deputy County Counsel
                         Attorneys for Defendant County of

24                         San Luis Obispo

25

26

27

28

- 11 -

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury) (court) (length 21 days) **(Tuesday)** | 8:30 am | | 5/11/21 | 5/11/21 | |
| For Court Trial Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | 4/20/21 | 4/20/21 | |
| Pretrial Conference, LR 16;                    (Monday) Hearing on Motions in Limine | 3:00 pm | 4 | 4/12/21 | 4/12/21 | |
| For Jury Trial Lodge Pretrial Conference Order, LR 16–7; File Agreed Set of Jury Instructions and Verdict Forms; File Statement Regarding Disputed Instructions, Verdicts, etc.; File Oppositions to Motions in Limine | | 6 | 3/29/21 | 3/29/21 | |
| For Jury Trial File Memo of Contentions of Fact and Law, LR 16–4; Exhibit & Witness Lists, LR 16–5,6; File Status Report Regarding Settlement; File Motions in Limine | | 7 | 3/22/21 | 3/22/21 | |
| Last date to conduct ADR Proceeding, LR 16–15 | | 12 | 2/22/21 | 2/22/21 | |
| Last day for **hearing** motions, LR 7           (Monday) | 1:30 pm | 14 | 10/15/20 | 2/2/21 | |
| Non-expert Discovery Cut–off | | 21+ | 7/1/20 | 1/15/21 | |
| Expert Disclosure (initial) | | | 10/15/20 | 12/15/20 | |
| Expert Disclosure (rebuttal) | | | 11/13/20 | 1/15/21 | |
| Expert Discovery Cut–off | | 21+ | 12/15/20 | 2/15/21 | |
| Last Date to Amend Pleadings or Add Parties | | | 6/1/20 | 6/1/20 | |
| | | | | | |

LR 16–15 ADR Choice:   ☐ 1. USMJ            ☐ 3. Outside ADR

☒ 2. Attorney Settlement Panel

Exhibit A

**PROOF OF SERVICE**

*WINDELER, et al. v. CAMBRIA COMMUNITY SERVICES DISTRICT, ET AL.*

Case No. 2:17-cv-08536 -DSF- (JEMx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 23113 Plaza Pointe Drive, Suite 100, Laguna Hills, CA  92653.  On March 9, 2020, I caused the foregoing document(s) described as:

     AMENDED JOINT REPORT OF EARLY MEETING
     [FRCP RULE 26(b); CD-LR 26-1]

to be served on the interested parties in this action as follows:

☐ By placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as stated below or  [XX] by sending a copy as stated and addressed below:

***SEE ATTACHED SERVICE LIST***

     ☒   **BY ELECTRONIC SERVICE.**  I certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on March 9, 2020**,** at Laguna Hills, California.

                             _____

                             Sandra Beck

1

## SERVICE LIST

2

*WINDELER, et al. v. CAMBRIA COMMUNITY SERVICES DISTRICT, ET AL.*

3

Case No. 2:19-cv-06325 -DSF(JEMx)

4 | Rita L. Neal, Esq.
Jon Ansolabehere, Esq.

5 | County Counsel
County of San Luis Obispo

6 | 1055 Monterey St., Room D320
San Luis Obispo, CA 93408

7 | Phone: 805-781-5400
Fax: 805-781-4221

8 | Email: jansolabehere@co.slo.ca.us

Michael M. McMahon, Esq.
CARMEL & NACCASHA, LLP
1908 Spring Street
Paso Robles, CA 93446
Phone: 805-226-4148
Fax: 805-226-4147
Email: mmcmahon@carnaclaw.com

9

10 | *Attorneys for Defendant and Respondent,*
*COUNTY OF SAN LUIS OBISPO*

11

*Attorneys for Defendant and Respondent,*
*CAMBRIA COMMUNITY SERVICES*
*DISTRICT*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE